[No. H011280. Sixth Dist. July 27, 1994.]

HARTFORD CASUALTY INSURANCE COMPANY, Plaintiff and Appellant, v.
MID-CENTURY INSURANCE COMPANY, Defendant and Respondent.

## COUNSEL

Langley, Lamberto & Deckard, Peter N. Lamberto and Brian S. Kreger for Plaintiff and Appellant.

Campbell, Warburton, Britton, Fitzsimmons & Smith and Ralph E. Mendell for Defendant and Respondent.

## OPINION

**PREMO, Acting P. J.**—Plaintiff Hartford Casualty Insurance Company (hereafter, Hartford) appeals from the judgment entered after a court trial on stipulated facts. Hartford sued Mid-Century Insurance Company (hereafter, Mid-Century) contending it was equitably entitled to indemnity for settlement costs of $35,000 and defense costs of $26,500 in the underlying action. The trial court found that Hartford was not entitled to indemnity from Mid-Century. The underlying action, Haines v. Edwards (Super.Ct. Santa Clara County, No. 636559), was one for personal injuries arising out of an automobile collision. We affirm.

### FACTS AND PROCEDURAL BACKGROUND

On February 19, 1987, Robert Edwards was driving a 1965 GMC truck while acting in the course and scope of his employment with Azonic Technology, Inc. (hereafter, Azonic). The truck belonged to Stuart Solomon, who was also employed by Azonic, and who had lent it to his employer. Solomon had auto insurance on the truck with Mid-Century. While Edwards was driving, he rear-ended a car driven by Thomas Haines, injuring Haines. Haines sued Solomon and Edwards for negligence, and later added Azonic as a Doe defendant.

It is undisputed that Solomon's insurance policy with Mid-Century provided primary coverage to Solomon, Edwards, and Azonic, and that Hartford provided excess coverage to Azonic and Edwards. Mid-Century's policy limits were $100,000 for bodily injury to each person, and $300,000 for each occurrence.

Mid-Century settled with Haines for $15,000, on Solomon's behalf only, and Haines dismissed with prejudice as to Solomon only. Initially Edwards's own insurer, State Farm, afforded him a defense. It filed an answer for him. State Farm withdrew its defense several months later, however, and Edwards proceeded in propria persona.

After Azonic was served as a Doe defendant, Hartford provided a defense both for Azonic and Edwards. Hartford tendered the further defense and indemnity of Azonic and Edwards to Mid-Century, in January 1990. Mid-Century rejected the tender.

In May 1990, Hartford, on behalf of Edwards and Azonic, agreed to settle the Haines action for $35,000, additional to the $15,000 Mid-Century had

already paid. Hartford spent $26,500[1] defending Edwards and Azonic. Hartford sought reimbursement of these sums in the action for equitable indemnity against Mid-Century.

## CONTENTIONS ON APPEAL

Hartford contends: (1) Mid-Century's limitation on permissive use coverage is not conspicuous and defeats the insureds' reasonable expectations of coverage; (2) the subject language is ambiguous; and (3) Mid-Century's payment of $15,000 on behalf of its named insured does not satisfy its obligations of defense and indemnification as to its other insureds, a permissive user and his employer. Mid-Century contends: (1) Solomon's civil liability as an owner is limited to $15,000 pursuant to Vehicle Code section 17151, subdivision (a); (2) Mid-Century's payment of $15,000 satisfied its obligations under the policy to Edwards and Azonic; (3) Mid-Century's payment of $15,000 inured to the benefit of Edwards and Azonic; and (4) Mid-Century was not obligated to provide a defense to Edwards and Azonic after the policy limits were paid.

## DISCUSSION

The sole issue before this court is the propriety of the trial court's ruling in favor of Mid-Century, that it was under no further obligation to defend or indemnify Azonic and Edwards, once it paid $15,000 on Solomon's behalf. The trial court's ruling was correct.

Since the facts are not in dispute, interpretation of the policy language is a question of law. On appeal we exercise independent review. (*State Farm Mut. Auto. Ins. Co.* v. *Partridge* (1973) 10 Cal.3d 94, 100 [109 Cal.Rptr. 811, 514 P.2d 23].)

We begin our analysis with the policy language. Solomon's "E-Z Reader Car Policy" defined insured person as "1. You or any *family member.* [¶] 2. Any person using *your insured car.* [¶] 3. Any other person or organization with respect only to legal liability for acts or omissions of: [¶] a. Any person covered under this part while using *your insured car.* [¶] b. [Not pertinent here]." Liability includes coverage for bodily injury and property damage. Under the property damage heading, the policy provides: "We will pay damages for which any insured person is legally liable because of bodily injury to any person and property damage arising out of the

---

[1]Hartford alleges the defense costs were $37,000, not $26,500 in the complaint. This discrepancy is not explained in the briefs on appeal.

ownership, maintenance or use of a private passenger car . . . . [¶] We will defend any claim or suit asking for these damages. We may settle when we consider it appropriate. [¶] We will not defend any suit or make additional payments after we have paid the limit of liability for the coverage." (Italics omitted.)

The declarations page shows coverage limits of $100,000 for bodily injury to each person, and a limit of $300,000 for each occurrence. Under "Limits of Liability" the policy reads: "The limits of liability shown in the Declarations apply subject to the following: [¶] [] 4. We will pay no more than the maximum limits provided by this policy regardless of the number of vehicles insured, insured persons, claims, claimants, policies, or vehicles involved in the occurrence." (Italics omitted.) Under "Other Insurance" the policy reads: ". . . We will provide insurance for an insured person, other than you or a family member, up to the limits of the Financial Responsibility Law only. . . ."

Clearly, Edwards, Azonic and Solomon were all insured persons under the policy. Pursuant to Vehicle Code section 17151, subdivision (a), Solomon's liability as owner was limited to $15,000. Mid-Century's payment of $15,000 to Haines on Solomon's behalf extinguished Solomon's liability as owner. (*Soils* v. *Oilfields Trucking Co.* (1979) 90 Cal.App.3d 349, 352-353 [153 Cal.Rptr. 371].)

We have already resolved Hartford's first two contentions in a recent case involving the identical policy language. In *Mid-Century Ins. Co.* v. *Haynes* (1990) 218 Cal.App.3d 737, 742 [267 Cal.Rptr. 248], we held that an insurer may limit coverage for a permissive user to $15,000, or the limits of the Financial Responsibility Law. We rejected the arguments that the limitation on coverage is not conspicuous, and that the term "to the limits of the Financial Responsibility Law" is ambiguous, and we do so again. (*Id.* at pp. 740-742.) The limitation on coverage is found in the "Liability" section, where a reasonable insured would look for it, and "Financial Responsibility Law" is not ambiguous. (*Ibid.*; contra, *Jauregui* v. *Mid-Century Ins. Co.* (1991) 1 Cal.App.4th 1544 [3 Cal.Rptr.2d 21].)

The difference between *Haynes* and the instant case is that here there are three insureds. While it is clear that Mid-Century's payment to Haines of $15,000 satisfied its defense and indemnity obligation to Solomon, does it also satisfy Mid-Century's obligations to the permissive user and to his vicariously liable employer? We hold that it does.

The clear import of the policy is that the insurer agrees to defend, and indemnify up to $15,000, when the named insured lends his car to another

who gets into an accident. As we said in *Haynes*, this limitation on coverage is clear, enforceable, and consistent with applicable provisions of the Insurance and Vehicle Codes. The policy also provides: "We will not defend any suit or make additional payments after we have paid the limit of liability for the coverage," and "We will pay no more than the maximum limits provided by this policy regardless of the number of . . . insured persons . . . involved in the occurrence." In this case, once Mid-Century paid the injured party $15,000 on behalf of the owner and named insured, it reached the "limit of liability for the coverage." Mid-Century promised only to defend and to pay $15,000 for a permissive user accident, regardless of the number of insured persons. That there happened to be three insured persons, rather than one, cannot expand the duty of the insurer. (Cf. *Johnson* v. *Continental Ins. Companies* (1988) 202 Cal.App.3d 477, 481-482 [248 Cal.Rptr. 412].) The primary insurer fulfilled its duty by defending and settling for $15,000 on behalf of its own named insured. The obligation of further defense and indemnity properly fell on the excess insurer, Hartford.

### DISPOSITION

The judgment is affirmed.

Wunderlich, J., and Mihara, J., concurred.

Appellant's petition for review by the Supreme Court was denied October 13, 1994. Kennard, J., was of the opinion that the petition should be granted.