[No. H005687. Sixth Dist. Mar. 8, 1990.]

MID-CENTURY INSURANCE COMPANY, Plaintiff and Respondent, v.
LORETTA HAYNES, Defendant and Appellant.

738

**COUNSEL**

Hal F. Seibert for Defendant and Appellant.

Ralph E. Mendell and Campbell, Warburton, Britton, Fitzsimmons & Smith for Plaintiff and Respondent.

**OPINION**

**COTTLE, J.**—In the trial of this declaratory relief action, the court, sitting without a jury, determined that plaintiff Mid-Century Insurance Company (hereafter Mid-Century) had no obligation to defend or indemnify defendant Bruce Martin, a permissive user of Mid-Century's insured's automobile, for personal injury damages in excess of $15,000, notwithstanding coverage of $100,000 to the named insured. The sole issue on appeal is whether Insurance Code section 11580.1, subdivision (a), authorizes an insurer to limit the insurance for permissive users to the limits set forth in Vehicle Code section 16056, subdivision (a), in situations where the named insured has obtained coverage in excess of the limits. We conclude that it does. Accordingly, we affirm the judgment in favor of insurer.

FACTS

The parties submitted the matter to the trial court on the following stipulated facts: "1. On 5/23/86 Farmers Insurance had in effect their

automobile insurance policy # No. 120055045, naming Jowenna Surber as a named insured. A copy of that policy is attached hereto as exhibit 'A'. Under said policy, a 1979 Mercedes vehicle, owned by Jowenna Surber was an insured vehicle under that policy. [¶] 2. On or about May 23, 1986, Bruce Martin was driving the aforementioned vehicle owned by Jowenna Surber with her consent and permission, and was a permissive user of the Surber vehicle. [¶] 3. On May 23, 1986, Bruce Martin was not an agent or an employee of Jowenna Surber, nor was he related to her by blood, marriage, or adoption, nor was he a resident of her household. [¶] 4. Jowenna Surber was not negligent in allowing Bruce Martin to operate her vehicle. [¶] 5. On May 23, 1986, Bruce Martin was negligent in his operation of the Surber vehicle, which negligence resulted in a collision, and proximately caused injuries to Loretta Haynes. [¶] 6. Neither at the time the policy was written nor at the time of the accident, was Jowenna Surber in the business of leasing, selling, repairing, servicing, delivering, testing, road testing, parking or storing automobiles. [¶] 7. Neither at the time of the accident, nor at the time the policy was written, was Bruce Martin referred to by name in the policy as a person having any specific coverage or limitation of coverage under the policy. [¶] 8. Bruce Martin's rights in said policy have been assigned to Loretta Haynes." (Upper case designation of parties eliminated.)

The "E-Z Reader Car Policy," attached to the stipulated facts as exhibit "A," defined "insured person" under "Part I - Liability" as: "1. You or any family member. [¶] 2. Any person using your insured car. [¶] 3. [A third category not relevant here.]" (Italics omitted.) In the same "Part I -Liability" section, the policy informed the insured, under the caption "Other Insurance" that: "We will provide insurance for an insured person, other than you or a family member, up to the limits of the Financial Responsibility Law only." (Italics omitted.) The limits of liability as shown on the declarations were $100,000 for injuries to any one person and $300,000 for injuries to several persons in a single occurrence.

## DISCUSSION

Pursuant to Insurance Code section 11580.1, subdivision (b)(4),[1] every policy of automobile liability insurance issued or delivered in this state must provide coverage "to the same extent that insurance is afforded to the named insured, to any other person using, or legally responsible for the use of, such motor vehicle, provided such use is by the named insured or with his or her permission, express or implied, and within the scope of such permission . . . ."

---

[1] All statutory references are to the Insurance Code unless otherwise noted.

Subdivision (a) of the same code section, however, provides that the requirements of subdivision (b) (requiring insurance coverage for permissive users to the same extent as that afforded the named insured) do not apply to any policy (1) exceeding the minimum insurance requirements specified in Vehicle Code section 16056, subdivision (a),[2] or (2) which contains an underlying insurance requirement.

Applying these two subdivisions of section 11580.1, the trial court ruled that because the Surber policy provided insurance in excess of that required by the Vehicle Code, Mid-Century had no duty to indemnify the permissive user for damages suffered by defendant Haynes in excess of the $15,000 statutory limit. Haynes contends that this ruling was erroneous because (1) the policy language is ambiguous, (2) section 11580.1, subdivision (b)(4) requires coverage for permissive users to the same extent as the named insured, and (3) Vehicle Code section 16451 requires an owner's policy of motor vehicle liability insurance to insure not only the named insured but also permissive users. We believe that the policy language is not ambiguous, that section 11580.1, subdivision (b)(4) does not apply when insurance in excess of the statutory limits is obtained, and that the Vehicle Code section Haynes refers to is consistent with this interpretation.

■ Haynes first contends that the language in the policy stating, "We will provide insurance for an insured person, other than you or a family member, up to the limits of the Financial Responsibility Law only," (italics omitted) is unenforceable because it is not conspicuous and because "Financial Responsibility Law" is not defined. Haynes claims that this statement should have been "put in the 'Liability' section where a reasonable person would look for it." However, as noted above, the sentence *is* in the "Liability" section of the policy. Additionally, the language is susceptible of but a single interpretation: *that coverage for persons other than the named insured and family members is limited* as set forth in the Financial Responsibility Law. The policy further provided: "When we certify this policy as proof under any financial responsibility law, it will comply with the law to the extent of the coverage required by law." Under the Financial Responsibility Laws (div. 7 of the Veh. Code, § 16000 et seq.), the extent of coverage

---

[2] Vehicle Code section 16056, subdivision (a) provides: "No policy or bond shall be effective under Section 16054 unless issued by an insurance company or surety company authorized to do business in this state, except as provided in subdivision (b) of this section, nor unless the policy or bond is subject, if the accident has resulted in bodily injury or death, to a limit, exclusive of interest and costs, of not less than fifteen thousand dollars ($15,000) because of bodily injury to or death of one person in any one accident and, subject to such limit for one person, to a limit of not less than thirty thousand dollars ($30,000) because of bodily injury to or death of two or more persons in any one accident, and, if the accident has resulted in injury to, or destruction of property, to a limit of not less than five thousand dollars ($5,000) because of injury to or destruction of property of others in any one accident."

required for injuries to any one person is $15,000. (Veh. Code, § 16056, subd. (a).)

Haynes next argues that subdivision (b)(4) of section 11580.1, requiring coverage to permissive users "to the same extent that insurance is afforded to the named insured," should apply to this policy despite the clear language of subdivision (a) which states that "none of the requirements of subdivision (b) shall apply . . . (1) to the extent that such insurance exceeds the limits specified in subdivision (a) of Section 16056 of the Vehicle Code . . . ." In this case, the insurance taken out by the named insured "exceeds the limits specified in subdivision (a) of Section 16056 of the Vehicle Code" and consequently, none of the requirements of subdivision (b), including the requirement that permissive users be insured to the same extent as the named insured, applies.

In *Metz* v. *Universal Underwriters Ins. Co.* (1973) 10 Cal.3d 45, 56-58 [109 Cal.Rptr. 698, 513 P.2d 922], the Supreme Court held that a policy issued in 1965 which attempted to limit coverage of permissive users to the minimum coverage permitted by the Vehicle Code violated the requirement of former section 11580.1, subdivision (d) (now subdivision (b)(4)), that permissive users be insured "to the same extent" as the named insured. The court pointed out that before the 1970 revision of section 11580.1, the only insureds who were permitted to limit coverage of permissive users were those engaged in selling cars or other enumerated businesses. (*Id.*, at p. 57, citing former section 11580.1, subd. (f).) The "plain implication," the court concluded, was that policies issued before the 1970 revisions could not "so limit the coverage of permissive users." The court pointed out that in 1970 the Legislature "amended section 11580.1 to provide specifically that the required coverage of permissive users did not apply to insurance afforded in excess of the financial responsibility requirements . . . ." It added that if "section 11580.1, subdivision (d) during this entire period [1965 - 1970] permitted any motor vehicle policy to limit coverage of permissive users to the financial responsibility limits, . . . all this legislative activity would have been pointless." (*Id.*, at pp. 57-58.)

Since 1970, no California case has passed on the validity of an insurance policy provision attempting to limit coverage to permissive users to that required by the financial responsibility laws. Rather, the reported cases have dealt with situations where the insurer attempted to exclude the permissive user from *any* coverage whatsoever.[3]

[3] See, e.g., *National Indemnity Co.* v. *Manley* (1975) 53 Cal.App.3d 126 [125 Cal.Rptr. 513] (insurer sought to exclude coverage for permissive users of a trailer based on a special endorsement that the trailer agency would only rent to others having liability insurance where there was no other insurance obtained by the person renting the trailer); *Powell* v. *Premier*

In *National Indemnity Co.* v. *Manley, supra,* 53 Cal.App.3d 126, the court held that subdivisions (a) (providing that none of the requirements of subdivision (b) apply when the policy limits are greater than that required by the financial responsibility law) and (b) (requiring that permissive users of insured vehicles be afforded the same coverage as the named insured), when read together, "means that the insurer and the named insured are empowered to provide in the insurance policy that permissive users will be provided only with the minimum statutory coverage." (*Id.,* at p. 133.) In *Manley,* however, the insurer "did not attempt to limit the amount of coverage given to permissive users to either the statutory minimums or to the excess over the amount of insurance which the permissive users might have had" so that, consequently, protection was afforded to the full policy limits. (*Ibid.*)

In the present case, in contrast, the insurer did, in clear and unambiguous terms, limit coverage for permissive users to that provided in the financial responsibility law. This limitation is clearly permissible under section 11580.1, subdivision (a), because the policy provided coverage in excess of the minimum insurance requirements specified in Vehicle Code section 16056, subdivision (a).

Haynes's final contention is that Vehicle Code section 16451, which provides: "An owner's policy of motor vehicle liability insurance shall insure the named insured and any other person using any motor vehicle registered to the named insured with the express or implied permission of the named insured, against loss from the liability imposed by law for damages arising out of ownership, maintenance, or use of the motor vehicle . . . to the extent and aggregate amount, . . . with respect to each motor vehicle, of fifteen thousand dollars ($15,000) for bodily injury to or death of each person as a result of any one accident . . . ," mandates that a permissive user be afforded the same coverage as the named insured. However, the language of the statute does not require the same coverage for named insureds and other users; it merely provides that the coverage be at least $15,000 for injuries to any one person. Likewise, a vehicle owner's liability under Vehicle Code section 17150 for injury caused by a permissive user is limited by Vehicle Code section 17151 to $15,000 per injury, $30,000 per occurrence, and $5,000 for property damage. In short, the Vehicle Code

---

*Ins. Co.* (1981) 118 Cal.App.3d 336 [173 Cal.Rptr. 383] (insurer purported to exclude coverage on grounds that insured was in business of selling automobiles, an exception to the requirements of subdivision (b)(4), when evidence indicated insured's primary business was leasing cars); *California State Auto. Assn. Inter-Ins. Bureau* v. *Gong* (1984) 162 Cal.App.3d 518 [208 Cal.Rptr. 649] (an insurer may lawfully limit coverage for permissive users to vehicles listed in the policy); *Ohio Farmers Ins. Co.* v. *Quin* (1988) 198 Cal.App.3d 1338 [244 Cal.Rptr. 359] (insurer purported to exclude a permissive user because another individual, the insured's son, was excluded from coverage in the policy).

provisions are entirely consistent with the statutory scheme set forth in the Insurance Code.

The judgment is affirmed.

Premo, Acting P. J., and Elia, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 31, 1990.