[No. A053427. First Dist., Div. Two. Mar. 26, 1993.]

JOSE ZUBIA et al., Plaintiffs and Appellants, v.
FARMERS INSURANCE EXCHANGE, Defendant and Respondent.

## COUNSEL

Ernest M. Thayer, Padway & Padway and Laurence F. Padway for Plaintiffs and Appellants.

Crosby, Heafey, Roach & May, Stephen A. McFeely, James C. Martin, Joseph P. Mascovich and Thomas R. Burke for Defendant and Respondent.

## OPINION

**BENSON, J.**—Plaintiffs Jose Zubia, Anita Zubia, Suzanne Zubia, Sylvia Zubia, and Jesus Ramos, Sr. (plaintiffs) appeal from a judgment in favor of defendant Farmers Insurance Exchange (Farmers). The trial court held a reimbursement provision in an automobile insurance policy issued by Farmers to plaintiff Jose Zubia was valid and enforceable as applied to medical expense payments made under the policy. Plaintiffs contend the trial court should have held the reimbursement provision to be unenforceable because it is not set forth conspicuously in the policy and is ambiguous as to whether it applies to medical expense coverage. We disagree and affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On or about December 8, 1987, Farmers issued a written automobile insurance policy entitled "Your E-Z-Reader Car Policy" (the Policy) to plaintiff Jose Zubia. While the Policy was in effect, plaintiffs Jose Zubia, Anita Zubia, Suzanne Zubia and Sylvia Zubia and Jesus Ramos, Jr., the minor son of plaintiff Jesus Ramos, Sr., sustained bodily injuries in an automobile accident. They incurred medical expenses totaling $21,094.59 as a result of the accident. At the time of the accident, they were riding in the automobile insured under the Policy.

After the accident, plaintiffs submitted a claim to Farmers under the medical expense provision of the Policy, which provides, "We will pay reasonable expenses incurred within three years from the date of accident for necessary medical services and funeral expenses because of bodily injury sustained by an insured person." (Italics omitted.)[1] This provision is contained under the boldfaced heading "PART III—MEDICAL" and the boldfaced subheading "Coverage E—Medical Expense Coverage." Farmers paid plaintiffs the $10,000 Policy limit on medical expense coverage but reserved its right to seek reimbursement for the payment in the future.

After receiving the $10,000 payment from Farmers, plaintiffs settled their personal injury claims against two third parties involved in the accident for an undisclosed sum. Plaintiffs incurred costs, expenses, and attorney fees in connection with the settlement. Farmers then demanded reimbursement for its full $10,000 payment, later reducing this demand to $7,000. Farmers based its reimbursement demand on a Policy provision contained under the boldfaced heading "PART V—CONDITIONS" and the boldfaced subheading "5. Our Right to Recover Payment." This provision provides, "In the event of any payment under this policy, we are entitled to all the rights of recovery of the person to whom payment was made against another. That person must sign and deliver to us any legal papers relating to that recovery, do whatever else is necessary to help us exercise those rights and do nothing after loss to prejudice our rights. [¶] *When a person has been paid damages by us under this policy and also recovers from another, the amount recovered from the other shall be held by that person in trust for us and reimbursed to us to the extent of our payment.* [¶] This condition does not apply if prohibited by state law." (Italics added.)

Plaintiffs took the position the reimbursement provision of the Policy is inapplicable to medical expense coverage, placed the disputed funds into a trust account, and filed the instant action. The action was styled as a class action, but a class was never certified. Plaintiffs' second amended complaint, which is the operative pleading for the purposes of this appeal, contains causes of action for declaratory relief, breach of contract, fraud, breach of statutory duties, breach of the covenant of good faith and fair dealing, and money had and received. The trial court sustained Farmers' demurrer to the fraud, breach of statutory duties, and breach of the covenant of good faith and fair dealing causes of action without leave to amend. The court then severed the declaratory relief cause of action from the remaining causes of action and advanced it for trial.

---

[1]Farmers used boldfaced type to highlight headings, subheadings, and terms defined in the Policy. Where it is pertinent to our analysis, we describe the boldfaced type in the text of our opinion.

On October 8, 1990, plaintiffs filed a motion for summary adjudication of issues. By this motion, they sought to establish that the reimbursement provision of the Policy is not conspicuous and is ambiguous as to whether it applies to medical expense coverage. Farmers filed a cross-motion which sought to establish the reimbursement provision is conspicuous, unambiguous, and enforceable. The trial court denied plaintiffs' motion and granted Farmers' cross-motion for summary judgment on the declaratory relief cause of action. The parties then stipulated that were Farmers to move for summary judgment on the remaining causes of action for breach of contract and money had and received, the trial court would grant the motion on the same grounds. Accordingly, the court entered judgment in favor of Farmers. This timely appeal followed.

## II. DISCUSSION

### A. *The Reimbursement Provision Is Conspicuous.*

Plaintiffs contend the reimbursement provision is unenforceable because it is not conspicuous. The law governing such a claim is well established. ■ Exclusionary clauses in insurance policies must be conspicuous, and, if they are not, they will be strictly construed against the insurer. (*Merrill & Seeley, Inc.* v. *Admiral Ins. Co.* (1990) 225 Cal.App.3d 624, 630 [275 Cal.Rptr. 280].) "Courts have invalidated exclusions under the conspicuous requirement where (1) they are not included under the exclusion section and are placed on an overcrowded page; (2) they are included in a 'General Limitations' section but in a dense pack format; or (3) they are hidden in fine print in a policy section bearing no clear relationship to the insuring clause. [Citation.]" (*Id.* at pp. 630-631.)

■ Plaintiffs assert the reimbursement provision at issue here "lurks inconspicuously in the nether reaches of the insurance policy." We cannot agree. The Policy is only six pages long. The reimbursement provision is contained on page five and is printed in the same black typeface as the other provisions of the Policy. It appears under the descriptive subheading "5. Our Right to Recover Payment," which is printed in the same green boldfaced type as the other subheadings of the Policy and, like the other subheadings, is listed in the Policy's table of contents. Contrary to plaintiffs' suggestion, the fact that the reimbursement provision and its subheading are

printed in the same typeface as other provisions and subheadings does not render the reimbursement provision inconspicuous. (See *National Ins. Underwriters* v. *Carter* (1976) 17 Cal.3d 380, 384 [131 Cal.Rptr. 42, 551 P.2d 362] [provision in typeface of same size and intensity as rest of policy is conspicuous]; *Cal-Farm Ins. Co.* v. *TAC Exterminators, Inc.* (1985) 172 Cal.App.3d 564, 577-578 [218 Cal.Rptr. 407] [same].)

Plaintiffs also contend the reimbursement provision is inconspicuous because the medical expense coverage provisions of part III of the Policy do not expressly reference the reimbursement provision contained in part V of the Policy. Again, plaintiffs' argument is mistaken. "[A] contractual insurance provision need not be 'perfectly drafted' so long as it is ' "conspicuous, plain and clear." ' [Citation.]" (*National Auto. & Casualty Ins. Co.* v. *Stewart* (1990) 223 Cal.App.3d 452, 460 [272 Cal.Rptr. 625].) This is not a case in which an exclusionary clause is "hidden in fine print in a policy section bearing no clear relationship to the insuring clause. [Citation.]" (*Merrill & Seeley, Inc.* v. *Admiral Ins. Co., supra,* 225 Cal.App.3d at p. 631.) Rather, the reimbursement provision is prominently featured under the descriptive heading "Part V—CONDITIONS," which is printed in the same boldfaced type as the other headings of the Policy. As such, it is conspicuous as a matter of law. (Cf. *National Ins. Underwriters* v. *Carter, supra,* 17 Cal.3d at p. 384 [provision under boldfaced heading "EXCLUSIONS" is conspicuous]; *Cal-Farm Ins. Co.* v. *TAC Exterminators, Inc., supra,* 172 Cal.App.3d at pp. 577-578 [same].)

B. *The Reimbursement Provision Is Unambiguous.*

Plaintiffs next argue the reimbursement provision is unenforceable because it is ambiguous. The principles for analyzing a claim of ambiguity were recently summarized by the Supreme Court as follows: "Under statutory rules of contract interpretation, the mutual intention of the parties at the time the contract is formed governs interpretation. (Civ. Code, § 1636.) *Such intent is to be inferred, if possible, solely from the written provisions of the contract. (Id.,* § 1639.) The 'clear and explicit' meaning of these provisions, interpreted in their 'ordinary and popular sense,' unless 'used by the parties in a technical sense or a special meaning is given to them by usage' (*id.,* § 1644), controls judicial interpretation. (*Id.,* § 1638.) ■ Thus, *if the meaning a layperson would ascribe to contract language is not ambiguous, we apply that meaning.* [Citations.] [¶] If there is ambiguity, however, it is resolved by interpreting the ambiguous provisions in the sense the promisor (i.e., the insurer) believed the promisee understood them at the time of formation. (Civ. Code, § 1649.) If application of this rule does not eliminate the ambiguity, ambiguous language is construed against the party who

caused the uncertainty to exist. (*Id.*, § 1654.) ■ In the insurance context, we generally resolve ambiguities in favor of coverage. [Citations.]" (*AIU Ins. Co.* v. *Superior Court* (1990) 51 Cal.3d 807, 821-822 [274 Cal.Rptr. 820, 799 P.2d 1253], italics added; see also *Bank of the West* v. *Superior Court* (1992) 2 Cal.4th 1254, 1264-1265 [10 Cal.Rptr.2d 538, 833 P.2d 545]; *Chatton* v. *National Union Fire Ins. Co.* (1992) 10 Cal.App.4th 846, 853 [13 Cal.Rptr.2d 318].)

■ Plaintiffs contend there is an ambiguity as to whether the reimbursement provision applies to medical expense coverage because the reimbursement provision refers to a right to recover "damages" whereas the medical expense coverage provision refers to payments for "expenses." ■ Plaintiffs' argument overlooks the rule that " 'language in a contract must be construed in the context of that instrument as a whole, and in the circumstances of that case, and cannot be found to be ambiguous in the abstract.' [Citations.]" (*Bank of the West* v. *Superior Court, supra,* 2 Cal.4th at p. 1265, italics omitted.) "[C]ourts will not adopt a strained or absurd interpretation to find an ambiguity where none exists. [Citation.]" (*Chatton* v. *National Union Fire Ins. Co., supra,* 10 Cal.App.4th at p. 853.)

■ Reading the Policy as a whole, it is clear the reimbursement provision applies to medical expense coverage. Both the medical expense coverage provision and the reimbursement provision are expressly linked to payments made on account of bodily injury. The medical expense coverage provision requires Farmers to pay reasonable medical expenses occasioned "because of bodily injury sustained by an insured person." The reimbursement provision, in turn, reserves Farmers' right to be reimbursed for "damages." The term "damages" is highlighted in boldfaced type and is defined as "the cost of compensating those who suffer bodily injury or property damage from an accident."

The case relied on by plaintiffs, *Knight* v. *Alefosio* (1984) 158 Cal.App.3d 716 [205 Cal.Rptr. 42], is distinguishable. In *Knight,* the court was faced with the question of whether a similar reimbursement provision applied to payments made under a provision entitled " 'Income Continuation Benefits.' " (*Id.* at pp. 721-722 & fns. 2-3.) The reimbursement provision referred to "damages" whereas the income continuation benefits provision referred to "benefits." (*Ibid.*) The court "[a]ssum[ed] arguendo" the policy was ambiguous because "nowhere in the policy is there any statement that 'benefits' and 'damages' are used interchangeably as meaning the same thing." (*Id.* at pp. 722-723.) As in this case, the policy defined "damages" as "the cost of

compensating those who suffer bodily injury or property damage from an accident." (*Id.* at p. 722.) However, there was nothing in the income continuation benefits provision indicating those benefits were payable on account of bodily injury. (*Id.* at p. 722 & fn. 3.) In this case, by contrast, both the medical expense coverage provision and the reimbursement provision are expressly linked to payments made on account of bodily injury. (See *ante*, p. 797.)

Plaintiffs also point to the fact the reimbursement provision does not limit its application to cases in which the insured has been made whole and does not provide an offset for the attorney fees incurred by the insured in seeking recovery from the third party. (See, e.g., *Lee* v. *State Farm Mut. Auto. Ins. Co.* (1976) 57 Cal.App.3d 458, 466-469 [129 Cal.Rptr. 271] [insurer exercising right to reimbursement must pay pro rata share of attorney fees and costs expended by insured in procuring recovery from third party].) According to plaintiffs, these omissions in the reimbursement provision demonstrate the parties did not intend that provision to apply to medical expense coverage. This argument is a non sequitur. Plaintiffs' concerns relate to the reimbursement provision in general and shed no light whatsoever on the specific issue of whether that provision applies to medical expense coverage. For the present purposes, it suffices to note plaintiffs did not proceed on the theory they had not been made whole or on the theory the offset reflected in Farmers' reduced $7,000 demand was insufficient to compensate them for their attorney fees. Thus, we have no occasion to consider whether application of the reimbursement clause is limited to cases in which the insured has been made whole or the extent to which an insurer is required to compensate its insured for the attorney fees he expended in seeking recovery from the third party. (See *American Continental Ins. Co.* v. *C & Z Timber Co.* (1987) 195 Cal.App.3d 1271, 1281 [241 Cal.Rptr. 466] [theory will not be considered if raised for first time on appeal].)

Nor are we persuaded by two memoranda plaintiffs submitted in conjunction with their motion for summary adjudication of issues.[2] These memoranda were written by Farmers' personnel some two and a half years prior to the issuance of the Policy. The memoranda recommended that Farmers begin to seek reimbursement for medical expense payments and suggested that Farmers add a reimbursement clause directly to the medical expense coverage provisions instead of relying on the generic reimbursement provision contained under the heading "PART V—CONDITIONS." The purpose of this suggestion was apparently to conform the format of the Farmers' policy to

---

[2]Farmers objected to the admission of these memoranda on a number of grounds. However, there is nothing in the record before us which indicates the trial court ever ruled on the objections.

that of a policy approved by the court in *Hartford Accident & Indemnity Co. v. Gropman* (1984) 163 Cal.App.3d Supp. 33 [209 Cal.Rptr. 468]. The suggestion was never acted upon, at least not prior to the issuance of the Policy at issue in this case.

The memoranda do not assist us in our analysis. ■ "While extrinsic evidence may be considered by a court as an aid in the interpretation of a written contract when it is 'relevant to prove a meaning to which the language of the instrument is reasonably susceptible' [Citation],' " '[i]f the evidence offered would not persuade a reasonable man that the instrument meant anything other than the ordinary meaning of its words, it is useless.' " ' [Citation.]" (*Producers Dairy Delivery Co. v. Sentry Ins. Co.* (1986) 41 Cal.3d 903, 913 [226 Cal.Rptr. 558, 718 P.2d 920].) ■ Although the memoranda suggest changes to the format used in the Policy, nothing in the memoranda persuades us that the reimbursement provision, as currently drafted, is reasonably susceptible to an interpretation which excludes medical expense coverage.[3] As noted above, "a contractual insurance provision need not be 'perfectly drafted' so long as it is ' "conspicuous, plain and clear." ' [Citation.]" (*National Auto. & Casualty Ins. Co. v. Stewart, supra,* 223 Cal.App.3d at p. 460.)

In a last-ditch effort to create a factual issue, plaintiffs ask us to consider evidence submitted in a different superior court action involving the same reimbursement provision. We decline to do so. ■ As we explained in *American Continental Ins. Co. v. C & Z Timber Co., supra,* 195 Cal.App.3d at page 1281, "in reviewing a summary judgment, the appellate court must consider only those facts before the trial court, disgarding any new allegations on appeal. [Citation.] Thus, possible theories that were not fully developed or factually presented to the trial court cannot create a 'triable issue' on appeal. [Citations.]"

III. DISPOSITION

For the reasons discussed above, we find the reimbursement provision of the Policy to be both conspicuous and unambiguous insofar as it relates to

---

[3] *Heston v. Farmers Ins. Group* (1984) 160 Cal.App.3d 402 [206 Cal.Rptr. 585], cited by plaintiffs in their closing brief, is distinguishable on this basis. *Heston* was also a case against Farmers but involved an agency agreement, not an insurance policy. In *Heston,* the court held that parol evidence of the position Farmers had taken in different proceedings with respect to the contract provision at issue was admissible in interpreting the agency agreement. (*Id.* at pp. 413-415.) Significantly, however, the court reached this result only *after* finding the provision was ambiguous in that it was reasonably susceptible to more than one meaning. (*Id.* at p. 412.) Since the reimbursement provision at issue in this case is not reasonably susceptible to an interpretation which excludes medical expense coverage, the internal memoranda written by Farmers' personnel are not relevant to our analysis.

medical expense payments made under the Policy. Under these circumstances, the trial court correctly granted summary judgment in favor of Farmers.[4] The judgment is affirmed, with costs to Farmers.

Smith, Acting P. J., and Phelan, J., concurred.

On April 22, 1993, the opinion was modified to read as printed above. Appellants' petition for review by the Supreme Court was denied July 15, 1993. Mosk, J., and Kennard, J., were of the opinion that the petition should be granted.

---

[4]Since we are upholding the trial court's order granting summary judgment in favor of Farmers, we need not review the trial court's order sustaining Farmers' demurrer to the fraud, breach of statutory duties, and breach of the covenant of good faith and fair dealing causes of action of plaintiffs' second amended complaint without leave to amend. In their closing brief, plaintiffs concede these causes of action cannot survive our affirmance of the summary judgment order.