[No. E025722. Fourth Dist., Div. Two. Oct. 11, 2000.]

CATHERINE THOMPSON et al., Plaintiffs, Cross-defendants and Respondents, v.
MERCURY CASUALTY COMPANY, Defendant, Cross-complainant and Appellant;
JOSHUA DOMINGUEZ, a Minor, etc., Defendant, Cross-defendant and Respondent.

**COUNSEL**

Hager & Dowling, John V. Hager, Thomas J. Dowling, Joy L. Lim; Horvitz & Levy, Barry R. Levy and H. Thomas Watson for Defendant, Cross-complainant and Appellant.

Law Offices of William D. Shapiro and William D. Shapiro for Plaintiffs, Cross-defendants and Respondents.

Mazursky, Schwartz & Angelo, Christopher E. Angelo and Debra J. Wegman for Defendant, Cross-defendant and Respondent.

**OPINION**

**GAUT, J.—**

### 1. *Introduction*

Mercury Casualty Company's (Mercury) automobile liability insurance policy contains a provision, "Condition 23," that limits coverage to the statutorily required minimums for persons using the car with the named insured's permission. In this declaratory relief action, the trial court found Condition 23 inconspicuous as a matter of law. On appeal, we agree with the trial court and affirm.

### 2. *Factual and Procedural History*

For purposes of this declaratory relief action, the parties stipulated to the underlying facts.

At the time of the accident, John Hughlett and Carmen Hughlett had a Mercury automobile liability insurance policy for their Chevrolet S-10 pickup truck. After increasing their policy limits, the new bodily injury liability limits were $100,000 per person up to $300,000 per accident. On the first page, the policy included the following language:

"**Persons Insured**: Subject to **Condition 23** on page 6 of this policy, the following are insured under Part I:
"(a) With respect to the owned automobile:
"(1) the named insured and any relative,
"(2) persons listed as drivers in the policy declarations,
"(3) any other person, provided it is used with the permission of the named insured . . . ."

On the sixth and last page, Condition 23 provided: "23. **Permissive User Coverage — Coverages A and B:** If this policy provides coverage with bodily injury liability limits in excess of $15,000 per person and $30,000 per accident and/or a property damage liability limit in excess of $5,000 per accident, then the coverage in excess of those limits shall not apply to the operation or use of a motor vehicle by any person other than the named insured, a relative as defined in Part I of this policy, or an agent or employee of the named insured in the scope of his employment. This limitation shall not apply to liability incurred by the named insured or by such relative."

On March 6, 1996, Mark Storie, with the owner's knowledge and permission, borrowed the truck to drive a friend's son, Joshua Dominguez, to school. Storie was neither named on the declarations page, nor a relative as defined in the policy, nor an agent or employee of the Hughletts. Driving under icy road conditions, Storie slid off the road and into opposing traffic, causing a head-on collision with Catherine Thompson's car. Catherine Thompson, Storie, and Dominguez were injured in the accident. The Thompsons filed a claim with Mercury for $100,000, the per-person liability limit as shown on the declarations page. After initial attempts at settlement, the parties could not agree on whether the Thompsons were entitled to claim $100,000 or $15,000, the permissive user coverage limit as stated in Condition 23.

On August 1, 1997, the Thompsons filed their complaint for declaratory relief, claiming that Mercury's automobile insurance policy failed to state clearly and conspicuously the limitations on permissive user coverage. The Thompsons further claim that, as a result of the ineffective limiting language contained in the policy, Catherine is entitled to recover the full amount of the policy limits ($100,000). Mercury filed a cross-complaint against the

Thompsons, the Hughletts, Storie, and Dominguez. Mercury sought a declaration stating that Condition 23 applied to all bodily injury claims arising out of the March 6, 1996, accident.

In its tentative decision, the trial court found that Condition 23 was "understandable and unambiguous." The court, however, made the following findings: "In this case, the limiting or exclusionary language affecting liability is not within the Liability section of the policy, where one would expect to find it, but instead is found on the last page, in the last section, of a little consulted section of the policy which lumps together miscellaneous and unrelated provisions. While the 'persons insured' section of the policy begins with 'Subject to Condition 23 on page 6 . . .' the first subparagraphs describe insured persons who do not fall within Condition 23. In the two subparagraphs which describe the permissive users no hint is given that their coverage is limited in any way. Condition 23 itself refers only to 'Part [I]' of the policy, a part which is a full page in length, and no where refers to the specific subparagraphs which describe the permissive users whose limits of liability are less than those of the policy." Accordingly, the court found the language inconspicuous and thus unenforceable.

### 3. *Discussion*

This case presents a narrow legal question: whether Condition 23, the exclusionary or limiting language on permissive user coverage contained in the Mercury automobile liability insurance policy, is conspicuous.

" 'Where no dispute surrounds material facts, interpretation of an insurance policy presents solely a question of law.' [Citation.]" (*Jauregui v. Mid-Century Ins. Co.* (1991) 1 Cal.App.4th 1544, 1548 [3 Cal.Rptr.2d 21].) Hence, an appellate court is not bound by the trial court's interpretation and instead conducts its own independent review. (*Ibid.*; *Ponder v. Blue Cross of Southern California* (1983) 145 Cal.App.3d 709, 716-717 [193 Cal.Rptr. 632].)

Well-established rules govern our analysis. "[E]xclusionary clauses are subjected to heightened scrutiny. They must be conspicuous, clear and plain; if they do not meet this test, such clauses will be strictly construed against the insurer. [Citations.] Courts have invalidated exclusions under the conspicuous requirement where (1) they are not included under the exclusion section and are placed on an overcrowded page; (2) they are included in a 'General Limitations' section but in a dense pack format; or (3) they are hidden in fine print in a policy section bearing no clear relationship to the insuring clause. [Citation.]" (*Merrill & Seeley, Inc. v. Admiral Ins. Co.* (1990)

225 Cal.App.3d 624, 630-631 [275 Cal.Rptr. 280]; see also *National Ins. Underwriters v. Carter* (1976) 17 Cal.3d 380, 385 [131 Cal.Rptr. 42, 551 P.2d 362].) Therefore, not only must the language of exclusionary or limiting clauses be plain and clear, but also, the clause itself must be placed conspicuously in the contract to protect the insured's reasonable expectation of coverage. (*Jauregui v. Mid-Century Ins. Co., supra*, 1 Cal.App.4th at p. 1552.)

"A limitation is conspicuous when it is positioned and printed in a form which adequately attracts the reader's attention to the limitation. [Citation.]" (*Feurzeig v. Insurance Co. of the West* (1997) 59 Cal.App.4th 1276, 1283 [69 Cal.Rptr.2d 629].) "The policy should be read as a layman would read it and not as it might be analyzed by an attorney or an insurance expert. [Citation.]" (*Crane v. State Farm Fire & Cas. Co.* (1971) 5 Cal.3d 112, 115 [95 Cal.Rptr. 513, 485 P.2d 1129, 48 A.L.R.3d 1089].)

In *Mid-Century Ins. Co. v. Haynes* (1990) 218 Cal.App.3d 737 [267 Cal.Rptr. 248], the Sixth Appellate District determined "whether Insurance Code section 11580.1, subdivision (a), authorizes an insurer to limit the insurance for permissive users to the limits set forth in Vehicle Code section 16056, subdivision (a), in situations where the named insured has obtained coverage in excess of the limits." (*Haynes, supra*, at p. 738.) In answering this question in the affirmative, the court concluded that language limiting the permissive user coverage in Mid-Century's automobile liability insurance policy was conspicuous and unambiguous. (*Id.* at p. 740; see also *Hartford Casualty Ins. Co. v. Mid-Century Ins. Co.* (1994) 26 Cal.App.4th 1783 [32 Cal.Rptr.2d 351].) In interpreting the "E-Z Reader Car Policy,"[1] the court addressed the defendant's contentions that the limiting language in the policy was inconspicuous because the statement was not in the "Liability" section where a reasonable person would expect to find such information.[2] (*Haynes, supra*, at p. 740.) The court explained, however, "the sentence *is* in the 'Liability' section of the policy." (*Ibid.*)

---

[1] The court described the policy as follows: "The 'E-Z Reader Car Policy,' attached to the stipulated facts as exhibit 'A,' defined 'insured person' under 'Part I - Liability' as: '1. You or any family member. [¶] 2. Any person using your insured car. [¶] 3. [A third category not relevant here.]' (Italics omitted.) In the same 'Part I - Liability' section, the policy informed the insured, under the caption 'Other Insurance' that: 'We will provide insurance for an insured person, other than you or a family member, up to the limits of the Financial Responsibility Law only.' (Italics omitted.) The limits of liability as shown on the declarations were $100,000 for injuries to any one person and $300,000 for injuries to several persons in a single occurrence." (*Mid-Century Ins. Co. v. Haynes, supra*, 218 Cal.App.3d at p. 739.)

[2] In addition to this contention regarding placement of the exclusionary or limiting clause, the Sixth Appellate District also addressed whether the clause consisted of language that was clear and unambiguous. The court explained, "the language is susceptible of but a single

In interpreting what appears to be the exact same policy, the Third Appellate District disagreed with the holding in *Haynes* and found the language inconspicuous. (*Jauregui v. Mid-Century Ins. Co., supra*, 1 Cal.App.4th at p. 1550.) As compared to the one-sentence explanation in *Haynes*, the court in *Jauregui* discussed the placement of the exclusionary or limiting language in greater detail.

There, the definition of "insured" in the policy included " '[a]ny person using your insured car.' " (*Jauregui v. Mid-Century Ins. Co., supra*, 1 Cal.App.4th at p. 1549.) The language limiting liability for permissive users, however, was not contained in the "Exclusions" or "Limits of Liability" subsections.[3] Rather, it was included under the "Other insurance" subsection "although the permissive user limitation ha[d] nothing to do with insurance from any other source." (*Jauregui*, at p. 1549.)

"Strictly construing the exclusionary language against the insurer [citation], and reading this contract as a reasonable policyholder would read it [citation], we cannot find the limitation adequately conspicuous. The definition of the insured, appearing at the outset of the liability section, gives every indication that a permissive driver stands in the same position as the insured and receives the same coverage. The average policyholder would reach the same conclusion by continuing to read the policy. The coverage limitation for permissive drivers is not contained within one of the subheadings that might alert the reader to a partial exclusion. Rather it appears within a subsection whose ordinary language would not encompass the limitation and is surrounded by language that has nothing to do with exclusions or limitations on coverage." (*Jauregui v. Mid-Century Ins. Co., supra*, 1 Cal.App.4th at pp. 1549-1550.) In concluding that the insurer failed to satisfy its burden of displaying exclusionary language conspicuously, the court noted that, "the average lay reader, attempting to locate coverage provided for permissive drivers, would have a difficult time locating the limiting language and is not required to conduct such an arduous search for camouflaged exclusions." (*Id.* at p. 1550.)

interpretation: *that coverage for persons other than the named insured and family members is limited* as set forth in the Financial Responsibility Law." (*Mid-Century Ins. Co. v. Haynes, supra*, 218 Cal.App.3d at p. 740.) In *Jauregui*, the Third Appellate District again disagreed with *Haynes* and held that the phrase, " 'to the limits of the Financial Responsibility Law' " was ambiguously couched in language beyond a layperson's level of understanding. (*Jauregui v. Mid-Century Ins. Co., supra*, 1 Cal.App.4th at pp. 1550-1552.) Although the Mercury automobile liability insurance policy previously used such broad language, the current policy spells out the permissive user liability limits. Therefore, whether the Mercury policy was ambiguous or otherwise unclear is not an issue on appeal.

   [3]Although unclear, absence of the permissive user coverage provision in these relevant *subsections* is consistent with the *Haynes* court's description of the language as part of the larger "Liability" *section*. (See *Mid-Century Ins. Co. v. Haynes, supra*, 218 Cal.App.3d at p. 740.)

Here, the permissive user coverage clause of Mercury's automobile liability insurance policy was inconspicuously located on the last page of the policy. Permissive users are included in the definition of "Persons Insured" on the first page of the policy. Unlike in both *Haynes* and *Jauregui*, the liability limitations for permissive users, however, is nowhere to be found in the "Liability" section of the policy.

Strangely enough, the policy contains two numbered sections and one unnumbered section entitled "Conditions." The unnumbered section contains 30 random and unrelated subsections. Therein lies the permissive user coverage provision, Condition 23. As noted by the Thompsons, the language in Condition 23 is not bolded, italicized, enlarged, underlined, in different font, capitalized, boxed, set apart, or in any other way distinguished from the rest of the fine print. While certain parts of this Conditions section, aside from the headings, are bolded for emphasis, Condition 23 is not. In fact, the subsection immediately above the permissive user coverage provision is in bold, which hides, to some extent, the heading for Condition 23. Certainly, Mercury's permissive user coverage clause cannot be described as being "positioned in a place and printed in a form which would attract a reader's attention." (*Ponder v. Blue Cross of Southern California, supra*, 145 Cal.App.3d at p. 719.)

Significant because of its limitations on the insurer's liability, the permissive user coverage clause should be included in the "Liability" section of the policy, where an average layperson would expect to find it.[4] The liability limits are among the few policy features actually bargained for between the insurer and insured. Contrary to the dissent in *Jauregui*, even if an insured does not specifically seek out high limits of coverage for permissive users, a reasonable layperson expects that when one increases one's insurance liability limits, such changes apply universally to everyone covered under the policy. (*Jauregui v. Mid-Century Ins. Co., supra*, 1 Cal.App.4th at pp. 1552, fn. 1, 1554.) Under "Persons Insured," the policy specifically lists "any other person, provided [the owned automobile] is used with the permission of the named insured." Upon creating a reasonable expectation of coverage for permissive users, the insurer was required to display conspicuously

---

[4]Mercury's reliance on *Farmers Ins. Exch. v. Harmon* (1974) 42 Cal.App.3d 805 [117 Cal.Rptr. 117] is inapposite. There, the contractual provision was merely an extension, rather than an exclusion, to the terms or conditions of the policy. (*Id.* at p. 809.) Mercury's reliance on *Zubia v. Farmers Ins. Exchange* (1993) 14 Cal.App.4th 790 [18 Cal.Rptr.2d 65] is equally unpersuasive. There, the court held that a reimbursement provision in an automobile insurance policy was conspicuous. (*Id.* at p. 795.) The provision, however, was listed separately in the policy's table of contents and was "prominently featured" under the "Conditions" section. (*Id.* at pp. 795-796.)

exclusionary or limiting language. (*Jauregui, supra,* 1 Cal.App.4th at p. 1552, fn. 1; see also *Ponder v. Blue Cross of Southern California, supra,* 145 Cal.App.3d at p. 719, fn. 2.) Here, we conclude that Condition 23 in the Mercury automobile liability insurance policy is not sufficiently conspicuous to apprise the average layperson of the limitations on permissive user coverage.

Contrary to Mercury's argument, this defect is not cured by its repeated references to Condition 23 in the policy. Indeed, the cross-references merely underscore the importance of the clause without revealing the nature of its content. As found by the trial court, the cross-references do not inform the reader of possible limitations on permissive user coverage. For example, under the subheading "Persons Insured," the language "Subject to Condition 23 on page 6 of this policy" appears to apply to the entire subheading, rather than to a subparagraph dealing with permissive users.[5] The reference to Condition 23 is, therefore, ineffective in alerting the reader to the important limitations contained on the back page of the policy.

Furthermore, Mercury disingenuously claims that, "[w]e are not dealing with an exclusion on coverage." Condition 23, however, *is* an exclusion to the agreed-upon policy limits, as provided on the declarations page of the policy. At minimum, it is a limitation or partial exclusion on coverage. (See *Jauregui v. Mid-Century Ins. Co., supra,* 1 Cal.App.4th at pp. 1549-1550.) "[A]n exclusion is subjected to the closest possible scrutiny. [Citations.]" (*Ponder v. Blue Cross of Southern California, supra,* 145 Cal.App.3d at p. 718.) In applying such scrutiny, we cannot conclude that Mercury has satisfied its burden of conspicuously displaying exclusionary language.

---

[5]Under the "Liability" section of the policy, the first subsection reads as follows (in different font):

"**Coverage A — Bodily Injury Liability; Coverage B — Property Damage Liability:** To pay on behalf of the insured all sums, *except punitive damages or exemplary damages,* which the insured shall become legally obligated to pay as damages because of:

"A. bodily injury **sustained** by any person other than an insured;

"B. property damage; caused by accident, arising out of the ownership, or use, of an owned automobile by an insured or arising out of the use of a non-owned automobile by an insured. The company shall defend any suit, alleging bodily injury or property damage **for which this policy provides indemnity.** Defense will be provided, after such suit is tendered to the company, **with counsel of the company's choice.** However, the company may make such investigation and settlement of any claim or suit as it deems expedient. **Defense will be provided until the company has paid the applicable limit of liability for the accident which is the basis of a lawsuit, but not beyond that time. See Condition 23 and Condition 3.**" The reference to the permissive user coverage provision here has little, if any, relevance to the insurer's obligation to defend the insured against any damages caused by bodily injury or property damage.

### 4. *Disposition*

We affirm. Plaintiffs shall recover their costs on appeal.

Ramirez, P. J., and McKinster, J., concurred.

A petition for a rehearing was denied November 3, 2000, and appellant's petition for review by the Supreme Court was denied January 10, 2001.