115 Cal.Rptr.2d 747 (2002)
95 Cal.App.4th 588
Joshua Lee HAYNES, Plaintiff and Appellant,
v.
FARMERS INSURANCE EXCHANGE, Defendant and Respondent.
No. G028171.
Court of Appeal, Fourth District, Division Three.
January 24, 2002.
Review Granted May 1, 2002.
*748 James C. Caviola, Jr., Huntington Beach, and Jean Ballantine, Los Angeles, for Plaintiff and Appellant.
Chapin Shea McNitt & Carter, Richard D. Carter, San Diego, and Robin James, for Defendant and Respondent.

OPINION
RYLAARSDAM, Acting P.J.
Joshua Lee Haynes sued Farmers Insurance Exchange for declaratory relief. He contended that a provision in an automobile liability policy limiting coverage for permissive users should not be enforced because the clause is inconspicuous and vague. The trial court granted defendant's motion for summary judgment, determining the limitation was enforceable. Although plaintiff initially filed a dismissal of the action with prejudice, he subsequently appealed the trial court's judgment for defendant. We reverse, concluding the dismissal was a nullity and the trial court erred in granting defendant's summary judgment motion.

FACTS
Defendant issued an automobile liability insurance policy to William M. Gallahair. It covered Gallahair, his family, and "[a]ny person using" the described automobile with his permission. The declarations page states that coverage is $250,000 per person for bodily injury, $500,000 per occurrence for bodily injury, and $100,000 for property damage. In the "Liability" section of the policy, the limits of liability are defined by reference to the declarations page; there is no suggestion here that these limits are different for permissive users. The definition of "insured person" as including permissive users is repeated in the "Liability" section of the policy. In the same section, but some three pages later, under the heading "Other Insurance," defendant first discloses that, for permissive users, insurance is provided "up to the limits of the Financial Responsibility Law only." This limitation is not related to the availability of other insurance, as the heading would seem to suggest.
*749 The declarations page of the policy lists some 11 endorsements without any indication as to what the endorsements refer to. One of these endorsements (S9064) states: "We will provide insurance for an Insured person, other than you, a family member or a listed driver, but only up to the minimum required limits of your state's Financial Responsibility Law...." Although we cannot be sure in what sequence the endorsements were attached to the policy, assuming they were attached in the same sequence as they are listed on the declarations page, endorsement S9064 would have been placed very near the end of a document, which runs approximately 40 pages.
Plaintiff was injured while a passenger in Gallahair's car as it was being driven by Christopher Morrow, a permissive user. In a different action, plaintiff sued Morrow and Gallahair to recover damages for his injuries. He subsequently learned of the limitation in the policy. In his complaint here, he contends "the permissive driver limitation ... is unenforceable .. . because the language is hidden in an inconspicuous section of the policy, and is misleading." He claims to have standing to maintain the action as "a `third party' who was injured in an automobile accident for which the subject insurance policy provides coverage ...." Defendant does not dispute plaintiffs standing.
Relying on endorsement S9064, the trial court granted defendant's motion for summary judgment; this appeal followed.

DISCUSSION

Plaintiff's Postjudgment Dismissal
Previously, we issued an opinion reversing the trial court's judgment. Shortly after doing so, we learned that plaintiff had filed a dismissal of this action before filing the appeal. We vacated our original opinion and requested the parties submit letter briefs on the legal effect, if any, of the postjudgment dismissal.
According to the parties' letter briefs, James C. Caviola, Jr., one of the two attorneys representing plaintiff, and Tina Fisher, a member of the law firm representing defendant, spoke by telephone after the trial court entered judgment. Fisher agreed to waive defendant's right to costs in exchange for Caviola's agreement to dismiss plaintiffs action. Caviola filed the request for dismissal and sent Fisher an unconformed copy of it along with a cover letter summarizing their agreement.
Subsequently, Caviola discussed the case with plaintiffs other attorney, Jean Ballantine. They decided to proceed with an appeal of the judgment, concluding the dismissal was ineffective. Shortly thereafter, Fisher left the firm representing defendant and Robin James, another firm member, was assigned to handle the case. James denied any knowledge of the agreement, but conceded the firm's correspondence file for this case contains Caviola's letter and the unconformed copy of the dismissal.
These facts present two issues for consideration. First, whether the dismissal precluded this court from hearing the subsequent appeal from the trial court's judgment. Second, as between the parties, did the dismissal constitute a settlement of the action barring plaintiffs appeal. The answer to both questions is no.
A plaintiff does not have an absolute right to voluntarily dismiss an action. (Harris v. Billings (1993) 16 Cal.App.4th 1396, 1402, 20 Cal.Rptr.2d 718.) Under Code of Civil Procedure section 581, subdivision (b)(1), a plaintiff may dismiss "[a]n action" "[w]ith or without prejudice, ... by oral or written request to the court at any time before the actual commencement of trial, upon payment of the costs, if any." *750 (Code Civ. Proc., § 581, subd. (b)(1), italics added.) In addition, the statute permits a plaintiff to "dismiss his or her complaint, or any cause of action asserted in it, in its entirety, or as to any defendant or defendants, with or without prejudice prior to the actual commencement of trial." (Code Civ. Proc., § 581, subd. (c), italics added.) Courts have construed the statute's phrase "commencement of trial" to apply "where the action has proceeded to a determinative adjudication, or to a decision that is tantamount to an adjudication." (Harris v. Billings, supra, 16 Cal.App.4th at p. 1402, 20 Cal.Rptr.2d 718; see also Mary Morgan, Inc. v. Melzark (1996) 49 Cal. App.4th 765, 769, 57 Cal.Rptr.2d 4.)
One circumstance where a plaintiff is barred from filing a voluntary dismissal is after a trial court grants a motion for summary judgment. (Mary Morgan, Inc. v. Melzark, supra, 49 Cal.App.4th at p. 769, 57 Cal.Rptr.2d 4 [recognizing rule]; Cravens v. State Bel. of Equalization (1997) 52 Cal.App.4th 253, 257, 60 Cal. Rptr.2d 436 [plaintiff who failed to file written opposition to summary judgment motion could not avoid adverse ruling by filing dismissal the day before the motion is heard]; Sweat v. Hollister (1995) 37 Cal.App.4th 603, 611-612, 614-615, 43 Cal. Rptr.2d 399 [dismissal filed after telephonic tentative grant of summary judgment motion unavailing even though before requested hearing on motion], disapproved on another ground in Santisas v. Gooclin (1998) 17 Cal.4th 599, 609, fn. 5, 71 Cal. Rptr.2d 830, 951 P.2d 399.) In this case, not only had the trial court heard and granted defendant's summary judgment motion, it had entered judgment. Thus, the facts of this case present an even more compelling situation for finding plaintiffs attempt to dismiss the action a nullity.
The foregoing cases considered the efficacy of a dismissal where the plaintiff sought to dismiss the action without prejudice, usually in an effort to avoid the adverse effects of a prior or pending ruling. While plaintiff filed a dismissal with prejudice, Code of Civil Procedure section 581's requirement that the dismissal be filed before "commencement of trial" applies to attempts to dismiss "with or without prejudice." (Code Civ. Proc., § 581, subds. (b)(1), (c).) Thus, the mere fact Caviola filed a dismissal with prejudice does not require a different result.
The second issue involves the effect of the Caviola Fisher agreement between the parties. The question is whether their agreement resulted in a settlement of the action thereby precluding this appeal.
Code of Civil Procedure section 283, subdivision 1 declares an attorney has authority "[t]o bind his client in any of the steps of an action or proceeding by his agreement filed with the Clerk, or entered upon the minutes of the Court, and not otherwise." Courts construe this statute to mean an "attorney is authorized by virtue of his employment to bind the client in procedural matters arising during the course of the action but he may not impair the client's substantial rights or the cause of action itself. [Citations.]" (Linsk v. Linsk (1969) 70 Cal.2d 272, 276, 74 Cal. Rptr. 544, 449 P.2d 760; see also Bowden v. Green (1982) 128 Cal.App.3d 65, 73, 180 Cal.Rptr. 90.)
"For example, `the law is well settled that an attorney must be specifically authorized to settle and compromise a claim, that merely on the basis of his employment he has no implied or ostensible authority to bind his client to a compromise settlement of pending litigation. [Citations.]' ... Such decisions differ from the routine and tactical decisions which have been called `procedural' both in the degree to which they affect the client's *751 interest, and in the degree to which they involve matters of judgment which extend beyond technical competence so that any client would be expected to share in the making of them." (Blanton v. Womancare, Inc. (1985) 38 Cal.3d 396, 404-405, 212 Cal.Rptr. 151, 696 P.2d 645; see also Levy v. Superior Court (1995) 10 Cal.4th 578, 583-584, 41 Cal.Rptr.2d 878, 896 P.2d 171.) This rule also applies if an attorney files a dismissal of a pleading or an action without the client's authorization. (Romadka v. Hoge (1991) 232 Cal.App.3d 1231, 1236-1237, 283 Cal.Rptr. 878 [clients authorized dismissal without prejudice; attorney inadvertently filed dismissal with prejudice]; Bowden v. Green, supra, 128 Cal.App.3d at pp. 72-74, 180 Cal.Rptr. 90 [dismissal of cross-complaint by stipulation with opposing counsel, but without client's authorization]; Whittier Union High Sch. Dist. v. Superior Court (1977) 66 Cal. App.3d 504, 507-509, 136 Cal.Rptr. 86 [dismissal invalid where attorney forged clients' signatures on a settlement agreement].) "Clearly a dismissal with prejudice disposes of the client's substantive rights and therefore requires for its validity the authorization of the client." (Romadka v. Hoge, supra, 232 Cal.App.3d at p. 1236, 283 Cal.Rptr. 878.)
The record in this case is devoid of any evidence plaintiff knew about, much less authorized, Caviola's agreement to dismiss the action in return for a costs waiver. Caviola's letter brief reflects he discussed the agreement with Fisher, Ballantine, and other attorneys, but never with his client. The cover letter Caviola sent to Fisher does not indicate a copy was sent to plaintiff. Defendant does not dispute the veracity of Caviola's assertions. In fact, James denied any knowledge of the agreement or dismissal prior to receiving notice from this court. Consequently, Caviola lacked the authority to enter into the settlement agreement and file the request for dismissal. Under these circumstances, we conclude the purported settlement and dismissal is also invalid as between the parties.

The Limitation on Coverage for Permissive Users
We now turn to the merits of the appeal. The trial court based its decision solely on the terms of the policy. Thus, the issue presented to us is a question of law. (Palmer v. Truck Ins. Exchange (1999) 21 Cal.4th 1109, 1115, 90 Cal.Rptr.2d 647, 988 P.2d 568; Waller v. Truck Ins. Exchange, Inc. (1995) 11 Cal.4th 1, 18, 44 Cal.Rptr.2d 370, 900 P.2d 619.)
Insurance policies are governed by rules generally applicable to contractual interpretation. (Palmer v. Truck Ins. Exchange, supra, 21 Cal.4th at p. 1115, 90 Cal.Rptr.2d 647, 988 P.2d 568.) A court interpreting a policy must determine the mutual intention of the parties to it and, where possible, infer their intent from the terms of the contract alone. (Civ.Code, §§ 1636, 1639; Palmer v. Truck Ins. Exchange, supra, 21 Cal.4th at p. 1115, 90 Cal.Rptr.2d 647, 988 P.2d 568.) In doing so, the court construes the policy's language as a whole and in reference to the circumstances of the case, and except for technical terms, generally applies the ordinary and popular meaning of the words employed in the agreement. (Civ.Code, §§ 1641, 1644, 1647; Waller v. Truck Ins. Exchange, Inc., supra, 11 Cal.4th at p. 18, 44 Cal.Rptr.2d 370, 900 P.2d 619.)
Coverage under an insurance policy may be limited by an endorsement and where there is a conflict between the terms of the policy and the endorsement, the latter prevails. (Aerojet-General Corp. v. Transport Indemnity Co. (1997) 17 Cal.4th 38, 50, fn. 4, 70 Cal.Rptr.2d 118, 948 P.2d 909; Jane D. v. Ordinary Mutual *752 (1995) 32 Cal.App.4th 643, 651, 38 Cal. Rptr.2d 131.) But "provisions that take away or limit coverage reasonably expected by the insured must be `conspicuous, plain, and clear' to be enforceable." (Croskey et al, Cal. Practice Guide: Insurance Litigation (The Rutter Group 2001) ¶ 4:124, p. 4-26.3, citing De May v. Inter insurance Exchange (1995) 32 Cal.App.4th 1133, 1137, 38 Cal.Rptr.2d 581.) "[A]ny exception to the performance of the basic underlying obligation must be so stated as clearly to apprise the insured of its effect." (Gray v. Zurich Insurance Co. (1966) 65 Cal.2d 263, 269, 54 Cal.Rptr. 104, 419 P.2d 168.) The rule requiring provisions that limit coverage must be conspicuous, plain, and clear "applies regardless of the reasonable expectations of the insured." (Croskey et al, Cal. Practice Guide: Insurance Litigation, supra, ¶ 4:124, p. 4-26.3.)
The parties have called our attention to four cases which dealt with limitations of liability for permissive users similar to that contained in the subject policy. In Mid-Century Ins. Co. v. Haynes (1990) 218 Cal.App.3d 737, 267 Cal.Rptr. 248, the court held that a provision limiting coverage for permissive users to the amounts of insurance required by Vehicle Code section 16056 did not violate Insurance Code section 11580.1, subdivision (b)(4). (Id. at pp. 742-743, 267 Cal.Rptr. 248.) Although the case involved a limitation similar to that contained in defendant's policy, it raises a distinct issue: "The sole issue on appeal is whether Insurance Code section 11580.1, subdivision (a), authorizes an insurer to limit the insurance for permissive users to the limits set forth in Vehicle Code section 16056, subdivision (a), in situations where the named insured has obtained coverage in excess of the limits. We conclude that it does." (Id. at p. 738, 267 Cal.Rptr. 248.)
It is true that Mid-Century Ins. Co. v. Haynes stated that placement of the limitation in a place similar to that which is presented here was sufficiently conspicuous. (Id. at p. 740, 267 Cal.Rptr. 248.) But, because the court noted that this was not an issue raised in the appeal, we regard this statement as dictum and decline to follow it. Hartford Casualty Ins. Co. v. Mid-Century Ins. Co. (1994) 26 Cal. App.4th 1783, 32 Cal.Rptr.2d 351, from the same district, revolves around a similar limitation of liability for permissive users. Again, the questions posed by a failure to state the limitation in a conspicuous manner do not appear to have been squarely before the court, and, without analysis, the court merely relied on its earlier statement in Mid-Century Ins. Co. v. Haynes. (Id. at p. 1787, 32 Cal.Rptr.2d 351). Further, it appears that the limitation was placed in a more conspicuous place, under "Limits of Liability." (Ibid.)
The two other cases called to our attention by the parties, however, are clearly on point and compel reversal of the summary judgment.
Thompson v. Mercury Casualty Co. (2000) 84 Cal.App.4th 90, 100 Cal.Rptr.2d 596 and Jauregui v. Mid-Century Ins. Co. (1991) 1 Cal.App.4th 1544, 3 Cal.Rptr.2d 21 both involve limitations on coverage for permissive users and both cases hold that such provisions could not be enforced because the clauses containing such limitation were inconspicuous. (Thompson v. Mercury Casualty Co., supra, 84 Cal. App.4th at p. 97, 100 Cal.Rptr.2d 596; Jauregui v. Mid-Century Ins. Co., supra, 1 Cal.App.4th at pp. 1550-1551, 3 Cal. Rptr.2d 21.) As here, in Jauregui the limitation was placed under "Other Insurance." (Id. at p. 1547, 3 Cal.Rptr.2d 21.) The opinion does not indicate whether, as here, the limitation was repeated in an endorsement. But, the endorsement here *753 contains confusing language and was apparently placed near the end of a very lengthy document.
In Thompson the limitation was, as here, contained in an endorsement. (Thompson, v. Mercury Casualty Co., supra, 84 Cal.App.4th at p. 97, 100 Cal. Rptr.2d 596.) The court notes that, as here, "the language ... is not bolded, italicized, enlarged, underlined, in different font, capitalized, boxed, set apart, or in any other way distinguished from the rest of the fine print." (Ibid.) In none of these cases, nor in this one, is there an apparent reason why the different limitation for permissive users could not have been placed on the declarations page where one would expect an insured to look to determine the policy limits.
To be conspicuous, the coverage limitation "must be positioned in a place and printed in a form which would attract a reader's attention." (Ponder v. Blue Cross of Southern California (1983) 145 Cal.App.3d 709, 719, 193 Cal.Rptr. 632; see also Thompson v. Mercury Casualty Co., supra, 84 Cal.App.4th at p. 95, 100 Cal.Rptr.2d 596.) Endorsement S9064 is only listed by its numerical designation on the policy's declarations page. There is nothing there to attract the reader's attention to the fact it limits coverage to amounts less than those shown on the declarations page. Nor would the reader's attention be attracted to the language limiting liability in the "Other Insurance" section; at best, one would assume such a limitation was conditioned on the existence of other such insurance.

Plaintiffs Standing to Bring this Action.
We have not considered plaintiffs standing to bring this action because the parties did not tender this issue. But our disposition is without prejudice for the trial court to consider whether this action, apparently brought before plaintiff obtained a judgment against the alleged tortfeasor, is premature in light of the no action clause of the policy ("Legal Action Against Us") and Insurance Code section 11580, subdivision (b)(2). (See Tokio Marine & Fire Ins. Corp. v. Western Pacific Roofing Corp. (1999) 75 Cal.App.4th 110, 123, 89 Cal. Rptr.2d 1; Rose v. Royal Ins. Co. (1991) 2 Cal.App.4th 709, 718, 3 Cal.Rptr.2d 483.)

DISPOSITION
The judgment is reversed. Appellant shall recover his costs on appeal.
WE CONCUR: BEDSWORTH and O'LEARY, JJ.