**LAGUNA PUBLISHING COMPANY, a corporation, Plaintiff,**

v.

**EMPLOYERS REINSURANCE CORPORATION, a corporation, Defendant.**

**No. CV 85–466 MRP.**

United States District Court, C.D. California.

June 25, 1985.

Law Offices of Richard E. McCain, Newport Beach, Cal., for plaintiff.

Stephen J. Riggs, Keesal, Young & Logan, Long Beach, Cal., for defendant.

## MEMORANDUM AND ORDER

PFAELZER, District Judge.

Defendant's motion for summary judgment was heard on June 10, 1985 before the Honorable Mariana R. Pfaelzer. After considering the arguments made and the papers filed, the Court denies defendant's motion for summary judgment. However, on the Court's own motion, the Court dismisses the Complaint without prejudice because the dispute between the parties is not yet ripe for adjudication.

## DISCUSSION

### A. *Background*

Laguna Publishing Co. ("Laguna") brought this action for money allegedly due under an insurance policy, Cal.Ins.Code § 11580(b)(2), for unfair insurance practices, Cal.Ins.Code § 790.03(h), and for declaratory relief against Employers Reinsurance Corporation ("E.R.C."). E.R.C. issued an excess liability policy to Golden Rain Foundation of Laguna Hills ("Golden Rain"), against whom Laguna claims to have won a judgment for $69,301,853. E.R.C. moved for summary judgment arguing that the judgment against Golden Rain, upon which this case is predicated, was set aside by the Superior Court on May 4, 1984, and that a

third party claimant under an insurance policy lacks standing to bring a direct action under either Cal.Ins.Code § 11580(b)(2) or Cal.Ins.Code § 790.03(h) until after there is a final judgment in the underlying action between the claimant and the insured. E.R.C. also moved for sanctions under Rule 11 of the Federal Rules of Civil Procedure.

## B. Status of the Underlying Action

■ In October 1979, Laguna filed an action against Golden Rain and others in the Orange County Superior Court. All of the defendants in that lawsuit were or are affiliated with Leisure World, a retirement community near Irvine, California. Laguna alleged that the defendants had violated Laguna's first amendment rights and had violated the California antitrust laws by refusing to allow Laguna to distribute a newspaper that it published in Leisure World. Pursuant to a settlement agreement between Laguna and Golden Rain, the Superior Court entered a default judgment against Golden Rain in the amount of $69,301,853 on November 14, 1983. The judgment was only against Golden Rain because Golden Rain was the only defendant remaining in the lawsuit at that time.

After the judgment was entered, Laguna contacted several insurance companies which had issued various insurance policies to Golden Rain, including the Insurance Company of North America ("INA"), Central Mutual Insurance Company ("Central Mutual"), and Centennial Insurance Company ("Centennial"). Laguna advised the carriers of the judgment and demanded payment under the policies. INA, Central Mutual, and Centennial moved to set aside the default judgment and to intervene in the action. On May 4, 1984, Superior Court Judge Ryan issued a minute order granting the carriers' motion. Each carrier was given leave to intervene and the default judgment was set aside.

In response to E.R.C.'s motion for summary judgment in this Court, Laguna argued that the state court judgment was set aside only with respect to the three insurance companies which had moved to set it aside and to intervene. The problem with Laguna's position is that none of the three insurance companies were defendants in the underlying action. There was no judgment against them to set aside. The only judgment entered in the underlying action was against Golden Rain, and that is the only judgment that could be set aside. It is certainly true that INA, Central Mutual and Centennial are the only parties who were granted permission to intervene in the underlying action, but there is only an action in which to intervene if the judgment against Golden Rain was set aside.

Finally, even if the Court accepts Laguna's interpretation of Judge Ryan's order, the order would still affect the case at bar. In its complaint against E.R.C., the only policy that Laguna alleges to be relevant is an E.R.C. policy written to provide excess coverage over and above the limits of a policy issued to Golden Rain by Centennial. If the judgment was set aside with respect to Centennial, then it is *ipso facto* set aside with respect to E.R.C. because the only way that Laguna can claim against E.R.C. is through the primary insurer, Centennial.

When a judgment has been set aside, the case reverts to its prejudgment status. *In re Estate of Edwards*, 25 Cal.App.3d 906, 912, 102 Cal.Rptr. 216, 219 (1972). Thus, there is no final judgment in the action between Laguna and Golden Rain.

## C. Cal.Ins.Code § 11580(b)(2)

Under Cal.Ins.Code § 11580(b)(2), a claimant, such as Laguna, can bring a direct action against an insurance company such as E.R.C., if Laguna is a judgment creditor of one of E.R.C.'s insureds. "[U]nder the law of California ... a direct action against the insurer company is not allowable until after the claimant shall have secured a final judgment against the insured." *Tashire v. State Farm Fire and Casualty Co.*, 363 F.2d 7, 10 (9th Cir.1966), reversed on other grounds, 386 U.S. 523, 87 S.Ct. 1199, 18 L.Ed.2d 270 (1967). There is no final judgment against Golden Rain, thus Laguna is not yet a judgment creditor

with standing to sue under § 11580(b)(2). Laguna's action under Cal.Ins.Code § 11580(b)(2) is premature.

### D. *Cal.Ins.Code § 790.03(h)*

A third party claimant may sue an insurer directly for violations of Cal.Ins.Code § 790.03(h) but only after the action between the claimant and the insured has "concluded." *Royal Globe Insurance Co. v. Superior Court*, 23 Cal.3d 880, 884, 153 Cal.Rptr. 842, 845, 592 P.2d 329, 332 (1979). The California courts have held that a matter is concluded for purposes of bringing a § 790.03(h) claim when there is a "judgment that is final for *res judicata* purposes." *Nationwide Insurance Co. v. Superior Court*, 128 Cal.App.3d 711, 715, 180 Cal.Rptr. 464, 467 (1982). *See also Rodriguez v. Fireman's Fund Insurance Co.*, 142 Cal.App.3d 46, 190 Cal.Rptr. 705 (1983) (a compromise settlement can be the basis of a final judgment for the purposes of bringing a § 790.03(h) claim); *Coleman v. Gulf Insurance Group*, 153 Cal.App.3d 706, 200 Cal.Rptr. 619 (1984). There can be no *res judicata* effect to a judgment that has been set aside. *Restatement (Second) of Judgments* § 13, comment f (1980). Thus, because the underlying action between Laguna and Golden Rain has not concluded, this § 790.03(h) claim is premature.

### E. *Declaratory Relief*

■ A district court can grant declaratory relief only if there is an "actual controversy" within its jurisdiction. 28 U.S.C. § 2201. "[T]he question of ripeness turns on 'the fitness of the issues for judicial decision' and 'the hardship to the parties of withholding court consideration.'" *Pacific Gas & Electric Co. v. State Energy Resources Conservation and Development Commission*, 461 U.S. 190, 201, 103 S.Ct. 1713, 1720, 75 L.Ed.2d 752 (1983) (quoting *Abbott Laboratories v. Gardner*, 387 U.S. 136, 149, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967)). Neither of the two ripeness factors supports justiciability in this case. First, the question of E.R.C.'s liability to Laguna may never become an issue at all. Laguna is suing E.R.C. under an excess liability policy which covers a primary policy issued to Golden Rain by Centennial. Until Centennial's liability under the primary policy is settled, the Court cannot be certain that a controversy will arise between Laguna and E.R.C. Laguna may only be awarded damages, or Centennial may settle with Laguna, within the primary policy limits. In that case, there would be no excess liability for the E.R.C. policy to cover, and there would be no dispute between Laguna and E.R.C. to adjudicate.

Second, delaying the adjudication of the question of whether E.R.C.'s policy covers the type of claim made by Laguna would not work a hardship on the parties. Even if this Court were to decide that the E.R.C. policy covered Laguna's claim, Laguna could not make a claim against the policy, directly or under Cal.Ins.Code § 11580(b)(2), until Centennial's liability, and the amount of its liability, had been established. Thus, this claim for declaratory relief is not yet ripe for adjudication.

Therefore, IT IS ORDERED that:

1. Defendant's motion for summary judgment is denied;

2. On the Court's own motion, plaintiff's complaint is dismissed without prejudice for lack of a justiciable case or controversy; and,

3. Defendant's motion for sanctions under Fed.R.Civ.P. 11 is denied.