[No. D052057. Fourth Dist., Div. One. Nov. 25, 2008.]

OTAY LAND COMPANY et al., Plaintiffs and Appellants, v.
ROYAL INDEMNITY COMPANY, Defendant and Respondent.

COUNSEL

Shoecraft Burton, Robert D. Shoecraft and Michelle L. Burton for Plaintiffs and Appellants.

Musick, Peeler & Garrett, Susan J. Field and Stephen M. Green for Defendant and Respondent.

OPINION

HUFFMAN, J.—This appeal from a judgment of dismissal in favor of defendant and respondent Royal Indemnity Company (Royal), following an order sustaining its demurrer without leave to amend, was brought by plaintiffs and appellants Flat Rock Land Company and its predecessor, Otay Land Company (collectively Flat Rock or plaintiff). The complaint filed by Flat Rock sought declaratory relief regarding Royal's anticipated insurance coverage of one of Royal's former insureds, nonparty United Enterprises et al. (United), with respect to contamination problems at the property now owned by Flat Rock and formerly owned by United. (Code Civ. Proc., § 1060.) Flat Rock contends the trial court erroneously failed to recognize that declaratory relief could be properly ordered regarding any insurance

coverage for the former insured, United, such that Flat Rock could then take advantage of that declared coverage in related environmental litigation against United.

■   This appeal follows Flat Rock's unsuccessful appeal of an order denying it the right to intervene in an earlier similar declaratory relief action that Royal brought against its insured, United (which is still pending). (Code Civ. Proc., § 387; *Royal Indemnity Co. v. United Enterprises, Inc.* (2008) 162 Cal.App.4th 194 [75 Cal.Rptr.3d 481] (*Royal* or our prior opinion).) According to Flat Rock, since the procedural contexts of its respective efforts to obtain declaratory relief are different, the reasoning of our prior opinion regarding intervention does not apply to its current complaint or the demurrer to it. We disagree, finding the legal conclusions we previously reached also apply here for the purpose of analyzing the demurrer on essentially identical issues. Flat Rock has not pled sufficient facts to establish it has standing to sue the insurer in order to determine the applicability of an alleged tortfeasor's insurance. We affirm the judgment of dismissal.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.   Related Actions; Prior Opinion

United purchased a 1960's-era liability policy from Royal for its business that was operated on certain real property that United formerly owned (the subject property). United owned a trap and skeet shooting range on the subject property, and environmental contaminants remain there. After Flat Rock bought the property, related pending cases were filed in state and federal courts. Flat Rock brought a federal complaint against United and others, for recovery of environmental response costs, damages, and other relief. In the federal action, Flat Rock has appealed an unfavorable summary judgment to the Ninth Circuit Court of Appeals, and that appeal remains pending.[1]

In the related state action, Flat Rock sued United and several other parties to seek recovery of environmental cleanup costs at the subject property, as well as other relief under the Carpenter-Presley-Tanner Hazardous Substance Account Act. (Health & Saf. Code, § 25300 et seq.) Unfair business practices allegations were also brought. (Bus. & Prof. Code, § 17200.) The related state action by Flat Rock against United has been stayed pending the outcome of the federal appeal.

---

[1] *Otay Land Co. v. U.E. Limited, L.P.* (S.D.Cal., No. 03 CV 2488 BEN (POR)) will be referred to here as the federal action. *Otay Land Co. v. U.E. Limited, L.P.* (Super. Ct. San Diego County, 2006, No. GIC869480) is referred to here as the related state action.

In the separate insurance coverage action that gave rise to our prior opinion, Royal sued United for declaratory relief to establish that Royal should not be obligated to provide liability insurance coverage under the 1960's-era policy, which does not contain a pollution exclusion. (*Royal, supra*, 162 Cal.App.4th 194, 199–200.) Those parties are engaged in extensive preliminary disputes in the environmental litigation about any duty to defend and pay defense costs, as well as the indemnity issues. Flat Rock sought leave to intervene in that action, on the ground that it should be able to assist United in litigating the coverage issues, since Flat Rock is a potential claimant under the policy, and since United is allegedly not defending vigorously enough. (Code Civ. Proc., § 387.) This court affirmed the denial of leave to intervene in our prior opinion. We reasoned that Flat Rock had not shown that it met the applicable statutory criteria for intervention, and its reliance upon cases such as *Thompson v. Mercury Casualty Co.* (2000) 84 Cal.App.4th 90 [100 Cal.Rptr.2d 596] (*Thompson*) and *Haynes v. Farmers Ins. Exchange* (2004) 32 Cal.4th 1198 [13 Cal.Rptr.3d 68, 89 P.3d 381] (*Haynes*) was inapposite. (*Royal, supra*, at pp. 209–213.)

### B. Current Action; Demurrer; Ruling

Flat Rock filed the current complaint against Royal, seeking declaratory relief on coverage issues on the theory that it has a legitimate interest in making coverage arguments that may affect its possibilities of recovering damages and environmental cleanup costs from United.

In response, Royal demurred to the complaint for failure to state a cause of action, contending that no actual controversy is presented, and Flat Rock does not have standing to sue Royal, since it does not fit within any of the applicable exceptions to the "no direct action" rule. (Ins. Code, § 11580, subd. (b)(2); all further statutory references are to this code unless noted.)[2]

In opposition, Flat Rock acknowledged that an injured third party is generally prohibited from suing a tortfeasor's insurer for failing to defend or indemnify the tortfeasor against the claim. (*Shaolian v. Safeco Ins. Co.* (1999) 71 Cal.App.4th 268, 271 [83 Cal.Rptr.2d 702].) However, Flat Rock argued its complaint should fall under a new exception to this rule, said to be allowed in *Thompson, supra*, 84 Cal.App.4th 90, and *Haynes, supra*, 32 Cal.4th 1198.

---

[2] Under section 11580, subdivision (a), any liability policy shall contain certain provisions, including this subdivision (b)(2): "A provision that whenever judgment is secured against the insured . . . in an action based upon bodily injury, death, or property damage, then an action may be brought against the insurer on the policy and subject to its terms and limitations, by such judgment creditor to recover on the judgment."

The trial court sustained the demurrer without leave to amend, identifying the issue presented as whether Flat Rock has standing to request declaratory relief as to Royal's "duty to defend and indemnify [United] from and against all claims by Plaintiffs." The court relied on *Royal Surplus Lines Ins. Co. v. Ranger Ins. Co.* (2002) 100 Cal.App.4th 193, 200 [122 Cal.Rptr.2d 459] for the proposition that California law generally prohibits third parties from suing an insurer when they are not in contractual privity, and noted that these parties are not in such privity. Also, Flat Rock was not claiming to fall within three well-accepted exceptions to that rule (i.e., where the third party plaintiff has a judgment against the insured, § 11580, subd. (b)(2); where the insurer has sued the third party in its own declaratory relief action; or where the insured has assigned its rights under the policy to the third party). Moreover, the court found distinguishable the two cases relied on by Flat Rock (*Thompson, supra*, 84 Cal.App.4th 90; *Haynes, supra*, 32 Cal.4th 1198) to create a purported further exception that would allow a third party to sue the insured's liability insurer for declaratory relief on coverage issues.

Accordingly, the trial court dismissed the complaint, finding that Flat Rock had failed to establish standing to sue for declaratory relief about any obligations owed by the insurer to the policyholder, and there was not yet any existing "actual controversy." (§ 11580, subd. (b)(2).)

Flat Rock appeals the judgment of dismissal after demurrer. It has sought judicial notice of the record it prepared in the appeal resulting in our prior opinion, and Royal has likewise sought judicial notice of the portion of the record that it prepared in that matter. Both requests were deferred to the merits panel, and are now granted. Previously, we denied Royal's motion to strike Flat Rock's reply brief, in which Royal unmeritoriously argued that the reply brief raised new issues on declaratory relief that were not subsumed in the issues covered in the opening brief.

## DISCUSSION

## I

### *APPLICABLE STANDARDS*

For purposes of analyzing the ruling on demurrer, we give the pleading a reasonable interpretation, reading it as a whole, its parts in their context, to determine whether sufficient facts are stated to constitute a cause of action or a right to the relief requested. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].) If a demurrer was sustained without leave to amend, but the defect was curable by amendment, we would find an abuse of discretion in that ruling. However, if the order is correct as a matter of law,

we would not reverse it. (*Ibid.*) We examine the legal sufficiency of the judgment, not necessarily the reasoning of the trial court. (*D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 19 [112 Cal.Rptr. 786, 520 P.2d 10].)

■ " 'The fundamental basis of declaratory relief is the existence of an actual, present controversy over a proper subject.' " (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 79 [124 Cal.Rptr.2d 519, 52 P.3d 695], italics omitted; see *Caffory v. Fremlin* (1961) 198 Cal.App.2d 176, 183 [17 Cal.Rptr. 668]; *Zetterberg v. State Dept. of Public Health* (1974) 43 Cal.App.3d 657, 662 [118 Cal.Rptr. 100] (*Zetterberg*); *Laguna Pub. Co. v. Employers Reinsurance Corp.* (D.C.Cal. 1985) 617 F.Supp. 271, 273 (*Laguna Pub. Co.*).) The language of Code of Civil Procedure section 1060 appears to allow for an extremely broad scope of an action for declaratory relief: "Any person interested under a written instrument . . . or under a contract, or who desires a declaration of his or her rights or duties with respect to another, or in respect to, in, over or upon property . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action or cross-complaint in the superior court for a declaration of his or her rights and duties in the premises, including a determination of any question of construction or validity arising under the instrument or contract. He or she may ask for a declaration of rights or duties, either alone or with other relief; and the court may make a binding declaration of these rights or duties, whether or not further relief is or could be claimed at the time. . . ." (Code Civ. Proc., § 1060.)

■ However, the courts will nevertheless evaluate in the context of a demurrer whether the factual allegations of the complaint for declaratory relief reveal that an actual controversy exists between the parties. (*Alameda County Land Use Assn. v. City of Hayward* (1995) 38 Cal.App.4th 1716, 1721–1722 [45 Cal.Rptr.2d 752].) "Sustaining a demurrer when the complaint reveals such a controversy constitutes error. [Citations.] [¶] Before a controversy is ripe for adjudication it ' "must be definite and concrete, touching the legal relations of parties having adverse legal interests. [Citation.] It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." ' [Citations.]" (*Id.* at p. 1722.)

■ Accordingly, the courts require that a legally cognizable theory of declaratory relief is being pursued, in order for such a cause of action to be stated. A matter is not justiciable or appropriate for resolution through declaratory relief unless the proper criteria are present. Under the federal approach, a case is not appropriate for declaratory relief without a showing of " ' "the fitness of the issues for judicial decision" and "the hardship to the

parties of withholding court consideration." ' [Citations.]" (*Laguna Pub. Co., supra*, 617 F.Supp. 271, 273.) Likewise, under California rules, an actual controversy that is currently active is required for such relief to be issued, and both standing and ripeness are appropriate criteria in that determination. (See 3 Witkin, Cal. Procedure (5th ed. 2008) Actions, §§ 21–23, pp. 84–88.) One cannot analyze requested declaratory relief without evaluating the nature of the rights and duties that the plaintiff is asserting, which must follow some recognized or cognizable legal theories that are related to subjects and requests for relief that are properly before the court.

■ Moreover, under Code of Civil Procedure section 1061, "[t]he court may refuse to exercise the power granted by this chapter in any case where its declaration or determination is not necessary or proper at the time under all the circumstances." This is a discretionary determination, subject to reversal only if that discretion is abused. (*Zetterberg, supra*, 43 Cal.App.3d 657, 661, 665.) ■ The courts do not issue advisory opinions about the rights and duties of the parties under particular agreements, if no actual, justiciable controversy has yet developed. (See *Younger v. Superior Court* (1978) 21 Cal.3d 102, 119–120 [145 Cal.Rptr. 674, 577 P.2d 1014].)

II

*SCOPE AND APPLICABILITY OF PRIOR OPINION*

A.   Case Law in Prior Opinion

In the current appeal, Flat Rock's opening brief raises arguments that are similar to those previously rejected in the prior opinion. In the reply brief, Flat Rock focuses more closely upon the "expansive" nature of declaratory relief to argue that the demurrer should not have been sustained without leave to amend, although it continues to raise the same basic substantive arguments as before. Apparently, review of our prior opinion was never sought before the California Supreme Court, and none was granted.

Previously, we rejected Flat Rock's efforts to intervene in Royal's coverage action against the insured (i.e., an action that sought to establish declaratory relief of no coverage), because Flat Rock's theories were unlike the circumstances in *Thompson, supra*, 84 Cal.App.4th 90, and *Haynes, supra*, 32 Cal.4th 1198, and its claims were otherwise unsupported as a matter of law. (*Royal, supra*, 162 Cal.App.4th 194, 211–213.) As we next summarize, *Thompson and Haynes* were each actions for declaratory relief that arose out of separate personal injury claims, and those declaratory relief actions were brought by injured third parties who sought policy interpretation rulings about vehicle permissive user coverage provisions, because those insureds had no particular

incentive to protect any third party rights as additional insureds or beneficiaries. (*Royal, supra,* at pp. 211–213.)

In *Royal, supra,* 162 Cal.App.4th 194, 210–211, we set forth the following reasoning to support our conclusions regarding the correctness of the denial of intervention. The cases on which the proposed intervener (Flat Rock) was relying (it still does) arose among "parties who impliedly conceded that there was a need for a substantive interpretation of certain policy language, de novo, through litigation of declaratory relief actions brought by third party claimants under the policies, whose interests were not being adequately represented by any of the existing parties. Instead, the injured claimants' arguments were directed toward particular coverage issues affecting permissive users in specific fact situations involving personal injury, and only certain specialized types of coverage were involved. Due to those unique circumstances, neither the insured vehicle owner nor the permissive user tortfeasor had any particular interest in gaining declaratory relief to require a higher coverage level to become available, due to separate limitations endorsements in the policies that were arguably inadequate or unenforceable. There was no objection raised by those insurers to a patently obvious need for declaratory relief about the enforceability of its policies, as sought by someone who was not directly in alignment with the positions of the insured or an additional insured. [Citation.] In those cases, the courts were not presented with and accordingly did not address any intervention policy considerations or similar discretionary concerns." (*Ibid.*)

We accordingly concluded that California law did not support Flat Rock's claim of a direct interest that was adequate to justify its intervention in the other insurance coverage action. (*Royal, supra,* 162 Cal.App.4th 194, 210–213.) At most, it was a potential judgment creditor of United, and a potential beneficiary of the Royal policy: "Flat Rock is a third party who is not in privity of contract with the liability insurer, nor is it any kind of additional insured under this type of policy. It lacks standing to sue the insurer to resolve coverage questions about United's rights under the policy. [Citation.] Moreover, it does not fall under any of the recognized exceptions to this rule. Flat Rock is not a judgment creditor, who would have standing as such to seek payment under the insurance policy. (Ins. Code, § 11580, subd. (b)(2).) It is not enough for Flat Rock to call itself a 'potential' judgment creditor, or a 'potential' beneficiary under the insurance policy. [¶] Nor does Flat Rock qualify as an assignee of any of the insured's rights. Nor does it fall within the category . . . [citation] in which an insurer can protect its own rights by intervening in an existing insurance coverage action. . . . Only abstract rights and interests have been asserted by Flat Rock, and they are too indirect, remote, and consequential. [Citation.]" (*Royal, supra,* at pp. 211–212.)

■ It is also well established that even though a liability insurer has the option to join an injured third party as a codefendant in the insurer's declaratory relief action to determine coverage, that does not mean that a third party claimant has equivalent rights. (See *State Farm Mut. Auto. Ins. Co. v. Crane* (1990) 217 Cal.App.3d 1127, 1130–1135 [266 Cal.Rptr. 422] (*Crane*); *Canadian Ins. Co. v. Rusty's Island Chip Co.* (1995) 36 Cal.App.4th 491, 496–497 [42 Cal.Rptr.2d 505].) Instead, as we noted in the prior opinion: "Flat Rock does not yet have a protectable interest in the insurance proceeds, if any. It would be premature at this point for us to discuss any hypothetical collateral estoppel effect of any future judgment in this action upon any later claims by Flat Rock under the policy." (*Royal, supra,* 162 Cal.App.4th at p. 212.)[3]

Along the same lines, the trial court order sustaining the demurrer in this case independently and cogently distinguished Flat Rock's only offered authority: "In *Thompson*, the 'third party' driver sued to determine whether the policy covered them for $15k or $100k. The third party sought declaratory relief as to their coverage as an 'insured permissive driver' under the contract. In *Haynes*, Plaintiffs acknowledge 'Farmers did not contest plaintiff's right to file a declaratory action against it. There was no discussion of standing.' "

### B. Asserted Distinguishing Factors Here

Flat Rock now admits it does not fit into the usual categories for establishing it has standing to sue, in light of its lack of contractual privity with the insurer (e.g., such exceptions exist where the third party plaintiff has a judgment against the insured, or where the insurer has sued the third party in its own right for declaratory relief, or where there was an assignment by the insured of its rights under the policy to the third party). Flat Rock mainly ignores the reasoning of the prior opinion, or seems to argue that notwithstanding any such authority, it should have standing to bring a declaratory relief action against the insurer of a policyholder, on the grounds that declaratory relief should be "expansively" allowed. However, Code of Civil Procedure section 1060 has never been interpreted as no longer requiring appropriate standing to seek declaratory relief, or as allowing the issuance of

---

[3] Flat Rock appears to assert that it needs the protection of maintaining this action in order to prevent the application of collateral estoppel against it regarding coverage issues, assuming arguendo that the insured, United, inadequately defends the underlying coverage declaratory relief action. However, the reply brief seems to have abandoned that contention. In any case, the authority that Flat Rock relies upon for that point arose in a context in which the insurer, in one of several related and consolidated declaratory relief actions, was affirmatively permitted to sue a third party claimant to resolve declaratory relief issues about liability under its policy. (*Ceresino v. Fire Ins. Exchange* (1989) 215 Cal.App.3d 814, 819–824 [264 Cal.Rptr. 30]; see *Crane, supra,* 217 Cal.App.3d 1127, 1130–1135.) This is not such a case.

any advisory orders about whether there should be potential insurance coverage for a policyholder's potential tort liability.

Flat Rock has failed to supply any accepted authority or public policy reasons why the same rules of law relied upon in the prior opinion shall not remain controlling upon the same set of allegations, in which the circumstances of the underlying actions have not changed. In *Royal*, we applied the rules that restrict third party claimants from bringing their own direct actions against insurers, where no liability determinations have yet been made, and we considered whether any exceptions to those rules might justify intervention into the other coverage case. Our treatment of the intervention issues that were previously raised was based upon our conclusions of law about the availability of declaratory relief, or the lack thereof, in this same substantive context, in which the putative plaintiff cannot show there is any actual, existing controversy that is not premature in nature. (*Royal, supra*, 162 Cal.App.4th at pp. 210–213.)

Nothing has changed, and it remains unknown whether Royal, the insurer, will be required to provide coverage to its insured United, and whether Flat Rock may ultimately be able to make claims against those policy proceeds as a judgment creditor. (See *Laguna Pub. Co., supra*, 617 F.Supp. 271, 273 [an injured third party, who previously had standing under § 11580 to sue an insurer, was ruled unable to continue the action upon removal of a default judgment against the policyholder].) Those coverage issues are still being litigated in the federal courts and will subsequently be addressed, if appropriate, in the related environmental and declaratory relief actions in state court.

Flat Rock's interests are currently contingent upon its prevailing against the insureds, United, in the environmental action. Moreover, until "liability under the [policy] is settled, the Court cannot be certain that a controversy will arise between" this plaintiff and Royal. (*Laguna Pub. Co., supra*, 617 F.Supp. at p. 273.) Where "delaying the adjudication of the question of whether [the] policy covers the type of claim made by [plaintiff]" would work a hardship on the parties, the courts could discretionarily allow the proposed action, if the other criteria were present. (*Id.* at p. 273.) However, Flat Rock has not made allegations to support its standing to sue in the present action. Nor has any realistic proposal for amendment of its current theories been supplied, so as to invoke any claim that the trial court's discretion was not appropriately exercised in this instance.

Accordingly, the trial court acted in accordance with applicable law in determining that Flat Rock was premature in claiming that an actual controversy existed relating to its current or future rights under the insurance policy. It was appropriate for the court to sustain the demurrer without leave to

amend, because this declaratory relief theory may not proceed without more specific justification for allowing a separate action to be pursued, in light of the existence of integrally related litigation on policy interpretation grounds, which is still pending between the parties directly affected. (§ 11580, subd. (b)(2).) This complaint for declaratory relief does not state a cause of action that is appropriate for adjudication upon the undisputed facts pled.

## DISPOSITION

The judgment of dismissal is affirmed. Flat Rock to pay all costs on appeal.

Benke, Acting P. J., and Haller, J., concurred.