Filed 3/11/14  The Clearview Lake Corp. v. County of San Bernardino CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE CLEARVIEW LAKE
CORPORATION et al.,

    Plaintiffs and Appellants,

v.

COUNTY OF SAN BERNARDINO,

    Defendant and Respondent.

E056208

(Super.Ct.No. CIVDS1107269)

O P I N I O N

APPEAL from the Superior Court of San Bernardino County.  Donna G. Garza, Judge.  Affirmed.

Law Offices of Lawrence R. Bynum and Lawrence R. Bynum for Plaintiffs and Appellants.

Jean-Rene Basle, County Counsel, and Kristina M. Robb, Deputy County Counsel, for Defendant and Respondent.

1

## I.  INTRODUCTION

In April 2011, defendant and respondent County of San Bernardino (the County) adopted an ordinance prohibiting any "medical marijuana dispensary" from operating in unincorporated areas of the County.  (San Bernardino County Code, §§ 82.02.070 [the ordinance], 810.01.150, subd. (q)(1) [defining "medical marijuana dispensary"].)

Plaintiffs and appellants comprise five medical marijuana dispensaries who sued the County,[1] alleging they were lawfully operating in unincorporated areas of the County under the Compassionate Use Act of 1996 (CUA) (Health & Saf. Code, § 11362.5 et seq.), the Medical Marijuana Program (MMP) (Health & Saf. Code, § 11362.7 et seq.), and guidelines issued by the Office of the California Attorney General.  Plaintiffs sought a judicial declaration that the ordinance was "unlawful and unconstitutional," principally because it was preempted by the CUA and the MMP and also because it violated their equal protection, privacy, and substantive due process rights.  The trial court sustained the County's general demurrer to the complaint, without leave to amend, and plaintiffs appealed.

We affirm the judgment of dismissal.  On May 6, 2013, after the parties filed their briefs on appeal, the California Supreme Court determined that neither the CUA nor the MMP preempts or limits local governments from prohibiting medical marijuana

---

[1] Plaintiffs and appellants are The Clearview Lake Corporation, Ameripro Management, Inc., Camino Caregivers, and Doc Holliday's Collective.  In September 2013, Doc Holliday's Collective dismissed its appeal, but the other plaintiffs continue to press their appeal.

2

dispensaries in their jurisdictions. (*City of Riverside v. Inland Empire Patients Health & Wellness Center, Inc.* (2013) 56 Cal.4th 729, 738, 752-760 (*Inland Empire*).) In view of *Inland Empire*, there is no actual, current controversy between the parties, for this court or the trial court to determine, concerning whether the ordinance is preempted by the CUA or the MMP.

Plaintiffs also claim they are entitled to a judicial declaration that the ordinance is an unconstitutional exercise of the County's police power under the "regional welfare" doctrine and that the ordinance also violates their equal protection, privacy, and substantive due process rights. Each of these claims lack merit simply because plaintiffs have no constitutional right to cultivate, stockpile, or distribute marijuana. (*Maral v. City of Live Oak* (2013) 221 Cal.App.4th 975, 984; *People v. Urziceanu* (2005) 132 Cal.App.4th 747, 774.)

## II. BACKGROUND

A. *The Challenged Ordinance*

In April 2011, the County enacted San Bernardino County Ordinance No. 4140 (the ordinance), which became effective on May 5, 2011. (San Bernardino County Code, § 82.02.070.) The ordinance provides, in part: "[I]n no event shall a medical marijuana dispensary as defined in Section 810.01.150 be considered a permitted or conditionally permitted use in any land use zoning district." (*Ibid*.) San Bernardino County Code section 810.01.150 defines a medical marijuana dispensary as "any facility or location, whether fixed or mobile, where marijuana is cultivated, made available, and/or

3

distributed by or to three or more persons within the following categories: a primary caregiver, a qualified patient, or a patient with an identification card, as those terms are defined in Health and Safety Code Sections 11362.5 [the CUA] and 11362.7 et seq. [the MMP] as such sections may be amended from time to time." (San Bernardino County Code, § 810.01.150, subd. (q)(1).)

San Bernardino County Code section 810.01.150 excludes certain "uses" from the definition of "medical marijuana dispensary," provided such uses may be lawfully established and operated in compliance with the county code, the CUA, and the MMP: an "in-patient 'health facility,'" a "'residential care facility for persons with chronic life-threatening illness[es],'" a "'residential care facility for the elderly,'" a "'home health agency,'" and a nonexempt "'hospice,'" as these terms are defined in the Health and Safety Code. (San Bernardino County Code, § 810.01.150, subd. (q)(2).) The ordinance further states that it "shall not affect the right to possess, use or cultivate marijuana for medicinal purposes as is presently authorized or prohibited by the laws of the State of California as set forth in the Health and Safety Code, Penal Code, or other state law, or by any federal law." (San Bernardino County Code, § 82.02.070.)

B. *The County's Findings*

In enacting the ordinance, the County Board of Supervisors made several findings, including the following:

(1) Federal law, namely, the Controlled Substances Act (the CSA) (21 U.S.C. § 801 et seq.) "makes it unlawful to manufacture, distribute or possess any controlled

4

substances, including marijuana, which has, as a Schedule I drug under the CSA, 'no accepted medical value in treatment,'" and that sections 11357 and 11358 of the California Health and Safety Code "make it a crime, respectively, to possess and cultivate marijuana";

(2) "[O]n November 5, 1996, California voters approved Proposition 215 (codified as Health and Safety Code Section 11362.5, and titled the 'Compassionate Use Act of 1996' ('CUA')), intended to 'ensure that seriously ill Californians have the right to obtain and use marijuana for medical purposes where that medical use is deemed appropriate and has been recommended by a physician who has determined that the person's health would benefit from the use of marijuana'" in the treatment of various illnesses, and that Health and Safety Code sections 11357 and 11358, relating to the possession and cultivation of marijuana, "shall not apply to a patient, or to a patient's primary caregiver, who possesses or cultivates marijuana for the personal medical purposes of the patient upon . . . the recommendation or approval of a physician";

(3) The MMP was enacted in 2004 "to clarify the scope of the CUA and to allow cities and counties to adopt and enforce regulations consistent with the CUA and MMP";

(4) The conflict between federal and state law, namely, the CSA on the one hand, and the CUA and MMP on the other, creates "a law enforcement dilemma";

(5) "[A]lthough state law purports to create a limited affirmative defense to criminal prosecution for qualifying persons who collectively gather to cultivate medical marijuana, *there is no provision in state law which authorizes or protects the*

5

*establishment of a medical marijuana dispensary, other storefront distribution operation, or other facility to distribute marijuana*" (italics added); and

(6) "[O]ther jurisdictions in California that have allowed or legally permitted the establishment of medical marijuana dispensaries . . . have experienced an increase in crime, such as loitering, theft, burglary, robbery, homicide and sale[s] of illegal drugs in the areas immediately surrounding such facilities . . . ."

C. *Plaintiffs' First Amended Complaint*

In a first amended complaint filed in October 2011 (the complaint),[2] plaintiffs alleged they were lawfully operating in unincorporated areas of the County as medical marijuana "collectives" pursuant to state law and "medical marijuana guidelines," first issued in August 2008, by the Office of the California Attorney General (the guidelines). Each plaintiff is a nonprofit mutual benefit corporation whose members comprise "California residents with a physician's written recommendation to use medical cannabis." Plaintiffs were formed so that their members could "collectively cultivate, possess, transport and distribute medical cannabis" pursuant to the guidelines.

The complaint seeks a judicial declaration that the ordinance is "unlawful and unconstitutional" on several statutory and constitutional grounds. In six causes of action, the complaint alleges: (1) the ordinance is "unlawful and unconstitutional"; (2) the

---

[2] Plaintiffs' original complaint, filed in May 2011, sought a judicial declaration that the ordinance was "unlawful and unconstitutional" on various grounds. The County filed a general demurrer. (Code Civ. Proc., § 430.10, subd. (e).) Plaintiffs filed no opposition, but requested leave to amend the complaint at the hearing on the demurrer, which the trial court granted.

ordinance violates plaintiffs' "vested rights to operate their medical marijuana collectives" under Civil Code section 52.1 and article I, section 7 of the California Constitution; (3) the ordinance violates plaintiffs' equal protection rights because it treats medical marijuana dispensaries differently from "primary caregivers," including "health facilities," who are exempted from the ordinance (Cal. Const., art. I, § 7); (4) the ordinance is inconsistent with state law that allows for the collective cultivation, possession, and distribution of marijuana or medical cannabis (Cal. Const., art. XI, § 7); (5) the ordinance violates plaintiffs' freedom of association rights (U.S. Const., 1st & 14th Amends.); and (6) the ordinance violates plaintiffs' privacy rights (Cal. Const., art. I).

C. *The County's Demurrer and the Trial Court's Ruling*

As indicated, the County demurred to the complaint on the ground it failed to state a cause of action. (Code Civ. Proc., § 430.10, subd. (e).) Following a January 30, 2012, hearing, the trial court sustained the demurrer, without leave to amend, and entered a judgment of dismissal.[3] Plaintiffs timely appealed.

### III. DISCUSSION

A. *Standard of Review*

"'A demurrer tests the legal sufficiency of factual allegations in a complaint.' [Citation.] The standard of review on appeal from a dismissal after an order sustaining a

---

[3] On January 25, 2012, the County cross-complained against plaintiffs for a preliminary and permanent injunction, enjoining them from operating as medical marijuana dispensaries anywhere in the County.

7

demurrer is well established. '[W]e review the order de novo, exercising our independent judgment about whether the complaint states a cause of action as a matter of law. [Citations.]' [Citation.] We give the complaint a reasonable interpretation, and treat the demurrer as admitting all material facts properly pleaded. [Citation.] 'We do not, however, assume the truth of contentions, deductions, or conclusions of fact or law. [Citation.]' [Citation.]" (*Maral v. City of Live Oak, supra,* 221 Cal.App.4th at p. 980.)

"'The fundamental basis of declaratory relief is the existence of an *actual, present controversy* over a proper subject.'" (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 79; Code Civ. Proc., § 1060.) In ruling on a demurrer to a complaint for declaratory relief, courts will evaluate whether the factual allegations of a complaint reveal that an actual, present controversy exists between the parties. (*Otay Land Co. v. Royal Indemnity Co.* (2008) 169 Cal.App.4th 556, 562.)

B. *Plaintiffs' Preemption Claim Has Already Been Determined Adversely to Plaintiffs*

Plaintiffs principally claim they are entitled to a judicial determination, between themselves and the County, that the ordinance is unlawful because it is inconsistent with and preempted by the CUA and the MMP.

As noted, however, on May 6, 2013, after the parties filed their briefs on appeal, the California Supreme Court held that neither the CUA nor the MMP either expressly or impliedly preempt or limit local governments from completely prohibiting medical marijuana distribution facilities in their jurisdictions. (*Inland Empire, supra,* 56 Cal.4th at pp. 738, 752-760 [nothing in the CUA nor the MMP "limits the inherent authority of a

8

local jurisdiction, by its own ordinances, to regulate the use of its land, including the authority to provide that facilities for the distribution of medical marijuana will not be permitted to operate within its borders."].)

Of course, this court and the trial court are bound by *Inland Empire*. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) There is therefore no actual, present controversy between the parties concerning whether the ordinance is preempted by the CUA or the MMP. (*Otay Land Co. v. Royal Indemnity Co., supra,* 169 Cal.App.4th at p. 562 [declaratory relief action requires actual, present controversy between the parties].) The controversy has already been decided adversely to plaintiffs.

C. *Plaintiffs' Constitutional Claims Lack Merit*

1. Plaintiffs' Police Power/Regional Welfare Claim

Next, plaintiffs claim the ordinance is an invalid exercise of the County's police power because it "unreasonably affects the *regional welfare* of medical marijuana patients." (Italics added.) That is, plaintiffs claim the ordinance unreasonably and adversely affects the ability of medical marijuana patients, living in and around the County, to lawfully obtain medical marijuana.

Plaintiffs rely on *Associated Home Builders Etc., Inc. v. City of Livermore* (1976) 18 Cal.3d 582 (*Associated Home Builders*). There, the plaintiffs claimed that a City of Livermore ordinance prohibiting the issuance of residential building permits—until such time as local water supply, sewage disposal, and educational facilities complied with specified standards—was an unconstitutional exercise of the city's police power because

9

it unreasonably affected the ability of *nonresidents* of the city to move into the city. (*Id.* at pp. 588, 604.)

The court first affirmed the long-settled principle that a land use ordinance is a constitutional exercise of the municipality's police power if it is "reasonably related to the public welfare." (*Associated Home Builders, supra,* 18 Cal.3d at pp. 605-607.) The court then explained that when an ordinance "significantly affects nonresidents of the municipality," the public welfare becomes "the regional welfare" and ordinance must be reasonably related to "the regional welfare." (*Id.* at pp. 607-608.) "[T]he proper constitutional test . . . inquires whether the ordinance reasonably relates to the welfare of [the nonresidents] it significantly affects." (*Id.* at p. 607.)

The court explained "the process by which a trial court may determine whether a challenged restriction reasonably relates to the regional welfare. The first step . . . is to forecast the probable effect and duration of the restriction. . . . [¶] The second step is to identify the competing interests affected by the restriction. . . . [¶] . . . [T]he final step is to determine whether the ordinance, in light of its probable impact, represents a reasonable accommodation of the competing interests." (*Associated Home Builders, supra,* 18 Cal.3d at pp. 608-609, fn. omitted.) "The burden rests with the party challenging the constitutionality of an ordinance to present the evidence and documentation which the court will require in undertaking this constitutional analysis." (*Id.* at p. 609.)

As the County points out, plaintiffs did not raise their police power/regional welfare claim in the trial court. Moreover, the complaint alleges *no facts* concerning the probable effect and duration of the ordinance; the competing interests affected by the ordinance; or whether the ordinance, in light of its probable impact, represents a reasonable accommodation of the competing interests. (*Associated Home Builders, supra,* 18 Cal.3d at pp. 608-609.) And as indicated, there is no constitutional right to cultivate, stockpile, or distribute marijuana. (*People v. Urziceanu, supra,* 132 Cal.App.4th at p. 774.) Plaintiffs cite no authority that the County was required to accommodate their interests in enacting the ordinance.

Thus, the complaint does not and cannot state a claim that the ordinance represents an unreasonable exercise of the County's police power under the regional welfare doctrine. (*Estate of Dito* (2011) 198 Cal.App.4th 791, 800-801 [when facts as pleaded do not state a cause of action, the plaintiff must demonstrate a reasonable possibility that defect may be cured by amendment].)

2. <u>Plaintiffs' Equal Protection, Privacy, and Substantive Due Process Claims</u>

Lastly, plaintiffs claim the ordinance violates their constitutional rights to equal protection, privacy, and due process.[4]

Like plaintiffs' regional welfare claim, none of these claims are sufficiently pleaded in the complaint. Nor have plaintiffs supported them with citations to supporting

---

[4] Plaintiffs have abandoned the other constitutional claims pleaded in their complaint, including that the ordinance violates their "vested right to operate a business" and their First and Fourteenth Amendment rights to freedom of association.

11

authority.  "An appellate court is not required to examine undeveloped claims, nor to make arguments for parties.  [Citation.]"  (*Paterno v. State of California* (1999) 74 Cal.App.4th 68, 106; *City of Riverside v. Horspool* (Jan. 16, 2014, E051500, E053605) ___ Cal.App.4th ___ [2014 Cal.App. Lexis 99 [at \*16, fn. 8].)  Instead, our role is to evaluate "'legal argument with citation of authorities on the points made.'"  (*People v. Stanley* (1995) 10 Cal.4th 764, 793.)

In any event, plaintiffs' equal protection, privacy, and substantive due process claims fail because there is no state or federal constitutional right to cultivate, stockpile, or distribute marijuana.  (*People v. Urziceanu, supra,* 132 Cal.App.4th at p. 774.)  Indeed, "[n]o state law could completely legalize marijuana for medical purposes because the drug remains illegal under federal law [citation], even for medical users [citation]."  (*Ross v. RagingWire Telecommunications, Inc.* (2008) 42 Cal.4th 920, 926.)

## IV.  DISPOSITION

The judgment is affirmed.  The County shall recover its costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

KING _____
                                    J.

We concur:

RAMIREZ _____
                 P. J.

HOLLENHORST _____
                 J.

12