Filed 9/3/15  Shaw v. Nations Title Co. of Cal. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| ASLAM SHAW,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>NATIONS TITLE COMPANY OF CALIFORNIA et al.,<br><br>    Defendants and Respondents. | B255799<br><br>(Los Angeles County<br>Super. Ct. No. VC062975) |

APPEAL from a judgment of the Superior Court of the County of Los Angeles, Margaret Bernal, Judge.  Affirmed and dismissed.

Aslam Shaw, in propria persona, for Plaintiff and Appellant.

Cunningham & Treadwell, Francis J. Cunningham III, David S. Bartelstone for Defendant and Respondent Nations Financial Holdings Group.

The Law Office of Richard M. Moss III, Richard M. Moss III for Defendants and Respondents Scanasar and LaPalma Family Urgent Care.

## INTRODUCTION

Plaintiff and appellant Aslam Shaw (plaintiff) appeals from the trial court's judgment of dismissal following the sustaining of a demurrer filed by defendant and respondent Nations Financial Holdings Group (Nations).  In his opening brief, plaintiff also purports to appeal from the trial court's order granting Nations' motions to quash service and set aside its default, as well as the court's order granting the motions to set aside the defaults of defendants Scanasar and LaPalma Family Urgent Care (LaPalma).

We hold that the trial court did not err in sustaining Nations' demurrer to the second amended complaint and that plaintiff has failed to demonstrate that the trial court abused its discretion by denying him leave to amend his complaint.  We therefore affirm the judgment of dismissal in favor of Nations.  We also dismiss plaintiff's purported appeals from the orders granting Nations' motions to quash and set aside its default and the court's order granting the motions to set aside the defaults of Scanasar and LaPalma.

## PROCEDURAL BACKGROUND

### A.    Nations' Default

Plaintiff filed a proof of service stating that Nations had been served with the first amended complaint.  In May 2013, when Nations did not timely respond to the first amended complaint, plaintiff filed a request to enter Nations' default and a request for entry of judgment.  The clerk entered Nations' default the same day.

### B.    Scanasar's and LaPalma's Default

Plaintiff filed a proof of service stating that Scanasar[1] had been served with the summons and the first amended complaint.  In July 2013, when Scanasar and LaPalma,

---

[1]    The record does not contain a proof of service of summons on LaPalma, but LaPalma admitted in its motion to set aside its default that it did not file a timely response

which were both named in the action, did not timely respond to the first amended complaint, plaintiff filed a request to enter their defaults. The clerk entered their defaults the same day.

### C.     Nations' Motions to Quash and Set Aside Default

In September 2013, Nations filed a motion to quash service of summons and a motion to set aside its default. On October 29, 2013, the trial court granted both motions. Notice of entry of the order granting the motions was filed on November 1, 2013.

### D.     Scanasar's and LaPalma's Motions to Set Aside Defaults

In December 2013, Scanasar and LaPalma filed motions to set aside their defaults. On January 9, 2014, the trial court granted the motions.

### E.     Nations' Demurrer to Second Amended Complaint

In January 2014, Nations' filed a demurrer to the second amended complaint. On February 4, 2014, the trial court sustained Nations' demurrer without leave to amend. The trial court thereafter entered a dismissal order in favor of Nations on February 20, 2014.

### F.     Notice of Appeal

On April 17, 2014, plaintiff filed a notice of appeal from the judgment of dismissal in favor of Nations. The notice specifically referenced the February 20, 2014, dismissal order in favor of Nations,[2] but did not mention the trial court's interim orders granting Nations' motions to quash and set aside or motions of Scanasar and LaPalma to set aside.

_____

to the first amended complaint because it mistakenly believed it was not required to respond.

[2]     The notice of appeal also specifically referenced the trial court's February 25, 2014, minute order sustaining the demurrers of Scanasar and LaPalma to the second amended complaint without leave to amend. Plaintiff, however, does not raise any

3

**DISCUSSION**

As a preliminary matter, we note that plaintiff is representing himself on appeal, as he did in the trial court. But such in propria persona status does not entitle him to special treatment. "While we are mindful that [the appellant] is representing himself on appeal, his status as a party appearing in propria persona does not provide a basis for preferential consideration. A party proceeding in propria persona 'is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys.' (*Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1210 [51 Cal.Rptr.2d 328].) Indeed, '"the in propria persona litigant is held to the same restrictive rules of procedure as an attorney."' (*Bianco v. California Highway Patrol* (1994) 24 Cal.App.4th 1113, 1125-1126 [29 Cal.Rptr.2d 711].)" (*First American Title Co. v. Mirzaian* (2003) 108 Cal.App.4th 956, 958, fn. 1.)

### A.      Order Granting Nations' Motion to Quash Service

Plaintiff purports to appeal from the trial court's October 29, 2013, order granting Nations' motion to quash service of summons, but as noted, the notice of appeal did not specify that plaintiff was appealing from that order. Thus, we have no jurisdiction over an order not mentioned in the notice of appeal and must dismiss the purported appeal from it. (*Faunce v. Cate* (2013) 222 Cal.App.4th 166, 169-170 ["'Our jurisdiction on appeal is limited in scope to the notice of appeal and the judgment or order appealed from.' [Citation.] We have no jurisdiction over any order not mentioned in the notice of appeal. [Citation.]"].)

Moreover, because an order granting a motion to quash is a directly appealable order under Code of Civil Procedure section 904.1, subdivision (a)(3), any appeal from that order should have been filed within 60 days of the November 1, 2013, service of

---

challenge to that order in his opening brief, and any such challenge would fail because that order is not appealable. (*Lopez v. Brown* (2013) 217 Cal.App.4th 1114, 1133 ["[I]t 'is settled that an order sustaining a demurrer is not appealable'"].)

4

notice of entry of that order.  (Cal. Rules of Court, rule 8.104(a)(1)(B).)  Because plaintiff did not file a notice of appeal from the order within that time, any subsequent attempt to appeal from the order granting the motion to quash would be untimely and require dismissal in any event.  (*Faunce v. Cate, supra,* 222 Cal.App.4th at p. 170 ["We have no jurisdiction to act on an untimely appeal and must dismiss the appeal without reaching the merits"].)

### B. Order Granting Nations' Motion to Set Aside Default

Plaintiff also purports to appeal form the trial court's October 29, 2013, order granting Nations' motion to set aside its default, but as noted, his notice of appeal did not specify that he was appealing from that order.  Because he failed to perfect an appeal from that order, we must dismiss his challenge to it on appeal.  (*Faunce v. Cate, supra,* 222 Cal.App.4th at pp. 169-170.)

### C. Order Granting Motions to Set Aside Defaults of Scanasar and LaPalma

Plaintiff purports to appeal from the trial court's January 9, 2014, order granting Scanasar's and LaPalma's motions to set aside their default, but his notice of appeal did not specify that he was appealing from that order, and as to the two orders he did specify in his notice—the dismissal order in favor of Nations and the order sustaining the demurrers of Scanasar and LaPalma—one does not involve Scanasar or LaPalma and the other is nonappealable.  Because he has failed to perfect his appeal from the order setting aside the defaults, we must dismiss his challenge to it on appeal.  (*Faunce v. Cate, supra,* 222 Cal.App.4th at pp. 169-170.)

### D. Demurrers to First Amended Complaint

Demurrers to the first amended complaint were sustained without leave to amend as against various parties, including Nations Title Company of California, and those

claims were dismissed. We affirmed the trial court's dismissals as to those parties (case number B251553.)

**E.       Order Dismissing Second Amended Complaint Against Nations**

Plaintiff appeals from the trial court's order dismissing the second amended complaint against Nations. According to plaintiff, the trial court erred in sustaining Nations' demurrer because each of his seven causes of action set forth facts sufficient to state valid causes of action. In addition, plaintiff asserts that the trial court abused its discretion by denying him leave to amend his pleading.

*1.       Standard of Review*

A ruling on a demurrer is reviewed under a de novo standard. "For purposes of analyzing the ruling on demurrer, we give the pleading a reasonable interpretation, reading it as a whole, its parts in their context, to determine whether sufficient facts are stated to constitute a cause of action or a right to the relief requested. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].) If a demurrer was sustained without leave to amend, but the defect was curable by amendment, we would find an abuse of discretion in that ruling. However, if the order is correct as a matter of law, we would not reverse it. (*Ibid*.) We examine the legal sufficiency of the judgment, not necessarily the reasoning of the trial court. (*D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 19 [112 Cal.Rptr. 786, 520 P.2d 10].)" *Otay Land Co. v. Royal Indemnity Co*. (2008) 169 Cal.App.4th 556, 561-562.)

*2.       Order Sustaining Demurrer*

a.       Fraud

"The elements of fraud, which give rise to the tort action for deceit, are (1) a misrepresentation, (2) with knowledge of its falsity, (3) with the intent to induce another's reliance on the misrepresentation, (4) justifiable reliance, and (5) resulting

6

damage. (*Small v. Fritz Companies, Inc*. (2003) 30 Cal.4th 167, 173 [132 Cal.Rptr.2d 490, 65 P.3d 1255].)" (*Conroy v. Regents of University of California* (2009) 45 Cal.4th 1244, 1255.) "In *Committee on Children's Television, Inc. v. General Foods Corp*. (1983) 35 Cal.3d 197, 216 [197 Cal.Rptr. 783, 673 P.2d 660], we applied the requirement of particularity in pleading a fraud cause of action. Under that rule, which is specific to fraud: "'(a) General pleading of the legal conclusion of 'fraud' is insufficient; the facts constituting the fraud must be alleged. (b) Every element of the cause of action for fraud must be alleged in the proper manner (i.e., factually and specifically), and the policy of liberal construction of the pleadings . . . will not ordinarily be invoked to sustain a pleading defective in any material respect.'" (*Ibid*.)" (*Quelimane Co. v. Stewart Title Gauranty Co*. (1998) 19 Cal.4th 26, 47.)

Plaintiff's fraud cause of action, as each of his other causes of action, was predicated on the allegations that Nations agreed at a family law court hearing to provide escrow and title insurance services pursuant to a court order. According to plaintiff, Nations opened an escrow as ordered by the family law court and plaintiff deposited certain title documents in the escrow. Thereafter, however, Nations "abstracted [plaintiff's] documents out of escrow in violation of the family court's orders, in violation of the escrow contract and instructions, without [the] knowledge and consent of plaintiff and gave them away to defendants Afshar/Roach who recorded them in the Orange County Recorder's Office . . . ."

In addition to being fatally vague and uncertain, those allegations are directly contradicted by plaintiffs' first amended complaint, which alleged, inter alia, "The parties to the escrow were: a) plaintiff, b) defendant Afshar and the escrow holder was Nations Title [Company of California, an allegedly related entity to Nations]. There were no other parties." In addition, plaintiff attached documents to his second amended complaint that clearly identified the escrow holder as Nations Title Company of California, not Nations. Because plaintiff judicially admitted that Nations was not a party to the escrow and was not the escrow holder, his fraud claim based on allegations to the contrary was fatally defective. (*Valerio v. Andrew Youngquist Construction* (2002) 103 Cal.App.4th

7

1264, 1272, italics added ["An admission in a pleading is *conclusive* on the pleader. [Citation.] 'He cannot offer contrary evidence *unless permitted to amend*, and a judgment may rest in whole or in part upon the admission . . ."]; see also *State of California Ex Rel. Metz v. CCC Information Services, Inc.* (2007) 149 Cal.App.4th 402, 412 [""[T]he complaint should be read as containing the judicially noticeable facts, 'even when the pleading contains an express allegation to the contrary.' [Citation.] A plaintiff may not avoid a demurrer by pleading facts or positions in an amended complaint that contradict the facts pleaded in the original complaint or by suppressing facts which prove the pleaded facts false"""].)

Moreover, to the extent plaintiff was alleging that Nations was vicariously liable for the actions of the escrow holder, Nations Title Company of California, his fraud claim nevertheless failed to state a viable cause of action. As the trial court correctly noted in its ruling on the demurrer, because Nations Title Company of California had been dismissed with prejudice from the action prior to the filing of the second amended complaint, Nations, as an alleged principal, could not be held vicariously liable for the conduct of its alleged agent, Nations Title Company of California, because that alleged agent had been exonerated of liability by the dismissal with prejudice. (See *Campbell v. Security Pacific National Bank* (1976) 62 Cal.App.3d 379, 385-386.)

### b. Breach of Contract

"[T]he elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff. (*Reichert v. General Ins. Co.* (1968) 68 Cal.2d 822, 830 [69 Cal.Rptr. 321, 442 P.2d 377].)" (*Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 821.)

Plaintiff's breach of contract cause of action is based on allegations that Nations was a party to the escrow agreement and breached that agreement by taking plaintiff's title documents out of escrow and giving them to defendants Afshar and Roach. But, as explained above, plaintiff admitted in the first amended complaint that Nations was not a

party to the escrow agreement. Because the allegations in the second amended complaint concerning the existence of an escrow agreement between Nations and plaintiff directly contradicted plaintiff's prior judicial admissions, the trial court correctly concluded that plaintiff could not allege a viable breach of contract cause of action.

### c. Breach of Fiduciary Duty

"The elements of a cause of action for breach of fiduciary duty are the existence of a fiduciary relationship, breach of fiduciary duty, and damages. (*Shopoff & Cavallo LLP v. Hyon* (2008) 167 Cal.App.4th 1489, 1509 [85 Cal.Rptr.3d 268].)" (*Oasis West Realty v. Goldman, LLC, supra*, 51 Cal.4th at p. 821.)

Plaintiff's breach of fiduciary duty cause of action is based on an alleged fiduciary relationship that arose from the escrow agreement. Because plaintiff judicially admitted that Nations was not a party to the escrow agreement, the trial court correctly concluded that plaintiff could not allege a necessary element of the breach of fiduciary duty claim— the existence of a fiduciary relationship.

### d. Negligence

"[T]he 'well-known elements of any negligence cause of action [are] duty, breach of duty, proximate cause and damages.' (*Artiglio v. Corning Inc.* (1998) 18 Cal.4th 604, 614 [76 Cal.Rptr.2d 479, 957 P.2d 1313].)" (*Lockheed Martin Corp. v. Superior Court* (2003) 29 Cal.4th 1096, 1106.)

Plaintiff's cause of action for negligence alleged that he discovered Nations' alleged negligence on March 17, 2010. The statute of limitations for professional negligence is two years. (Code Civ. Proc., § 339(1).) Because plaintiff's original complaint was not filed until March 2013, the trial court correctly concluded that the negligence claim was time-barred.

e.      Intentional Infliction of Emotional Distress

"A cause of action for intentional infliction of emotional distress exists when there is "'"""(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct."'""" (*Potter v. Firestone Tire & Rubber Co.* (1993) 6 Cal.4th 965, 1001 (*Potter*) [25 Cal.Rptr.2d 550, 863 P.2d 795]; see *Christensen v. Superior Court* (1991) 54 Cal.3d 868, 903 [2 Cal.Rptr.2d 79, 820 P.2d 181].) A defendant's conduct is 'outrageous' when it is so ""'extreme as to exceed all bounds of that usually tolerated in a civilized community.'"" (*Potter*, at p. 1001.) And the defendant's conduct must be ""'intended to inflict injury or engaged in with the realization that injury will result.'"" (*Ibid.*)" (*Hughes v. Pair* (2009) 46 Cal.4th 1035, 1050-1051.)

Plaintiff's intentional infliction of emotional distress claim against Nations is based upon the allegations concerning Nations' direct involvement in the escrow. Because those allegations were contradicted by plaintiff's previous judicial admissions, the trial court correctly concluded that plaintiff had failed to plead sufficient facts to demonstrate that Nations had engaged in the requisite outrageous conduct against plaintiff.

f.      Abuse of Process

"To establish a cause of action for abuse of process, a plaintiff must plead two essential elements: that the defendant (1) entertained an ulterior motive in using the process and (2) committed a wilful act in a wrongful manner. (See *Templeton Feed & Grain* v. *Ralston Purina Co.* (1968) 69 Cal.2d 461, 466 [72 Cal.Rptr. 344, 446 P.2d 152]; 5 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 709, p. 158.)" (*Coleman v. Gulf Ins. Group* (1986) 41 Cal.3d 782, 792.)

Plaintiff's abuse of process claim is predicated on the allegation that because the escrow was court-ordered, Nations alleged conduct in relation to that escrow amounted to

10

an abuse of process. Because plaintiff provided no legal authority for his novel theory that a court-ordered escrow constitutes the requisite judicial process, the trial court correctly concluded that even if Nations was involved in the escrow as alleged, plaintiff had nevertheless failed as a matter of law to state an abuse of process claim.

### g.     Vicarious Liability

Plaintiff's cause of action for vicarious liability was presumably based on the allegations that Nations was liable for the escrow holder's torts under either an agency or civil conspiracy theory. Because the escrow holder, Nations Title Company of California, was dismissed with prejudice and thereby exonerated of any tort liability to plaintiff, the trial court correctly concluded that plaintiff could not allege the requisite underlying tort or other civil wrong necessary to state viable claim based on an agency or civil conspiracy vicarious liability theory. (See, e.g., *Okun v. Superior Court* (1981) 29 Cal.3d 442, 454 [civil conspiracy itself is not actionable without an underlying wrong].)

### 3.     *Leave to Amend*

Plaintiff contends that the trial court abused its discretion when it denied him further leave to amend his complaint against Nations. But plaintiff failed to provide a reporter's transcript of the hearing on the demurrer (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186.) Without a reporter's transcript, the record is inadequate to allow us to review the trial court's reasoning in denying leave to amend. We therefore presume that the trial court's ruling denying leave to amend was correct and affirm the ruling on that basis. (*Id*. at p. 187 ["a judgment or order of the trial court is presumed correct and prejudicial error must be affirmatively shown. [Citation.] 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court'"].)

## DISPOSITION

The judgment of dismissal in favor of Nations is affirmed. The purported appeals from the trial court's orders granting Nations' motions to quash and set aside are dismissed, as is plaintiff's purported appeal from the court's order granting the motions to set aside the defaults of Scanasar and LaPalma. Nations, Scanasar, and LaPalma are awarded costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

MOSK, J.

We concur:

TURNER, P. J.

KRIEGLER, J.

12